## Legion Home Association of Monessen Appeal.

Argued April 10, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John E. Caputo,* Special Assistant Attorney General, with him *Horace A. Segelbaum* and *George G. Lindsay,* Assistant Attorneys General, and *Anne X. Alpern,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Henry A. Martin,* for appellee.

OPINION BY FLOOD, J., June 15, 1961:

In this case the board found ten violations and revoked the appellant's license. On appeal, the court found that only five of the violations were sustained by the evidence taken before it and reduced the penalty to ninety days' suspension. This Court has held that a modification of the penalty is proper only if the court's findings are different from those of the board: *Lehigh Valley Brewery Workers Liquor License Case,* 154 Pa. Superior Ct. 141, 35 A. 2d 561 (1944). The findings differ substantially here, but the board argues that these findings of the court are not supported by competent evidence and therefore the penalty cannot be modified, citing *Andracchio Liquor License Case,* 160

Pa. Superior Ct. 74, 49 A. 2d 843 (1946). See also *Glass Door Liquor License Case*, 193 Pa. Superior Ct. 416, 165 A. 2d 139 (1960).

The fact that the hearing is de novo deprives the findings of the board of any presumption in their favor. The result of this is that before the Quarter Sessions Court the burden is on the board to prove the allegations of the citation. The licensee does not have the burden of disproving the findings of the board.

We agree with the board that the allegations with regard to the licensee's failure to observe its bylaws, collect dues in accordance therewith and maintain a copy of the constitution, bylaws and charter on the premises were supported by competent evidence and that the court's findings in regard to these matters, as they appear in its opinion, were substantially the same as those of the board. The court merely found that these violations were excusable, and that they had been corrected. Such findings do not constitute such substantial change of the board's findings as would warrant a change of penalty.

However, a change in penalty was warranted because of the reversal of the board's first finding to the effect that the club was not operated for the benefit of the entire membership. We cannot say that the court's finding on this point was without substantial support in the evidence. Certainly, there was no conclusive evidence that the club was being operated for the benefit of one or a few persons in violation of Section 403(f) of the Act of April 12, 1951, P. L. 90, Art. IV; 47 PS 4-403(f), and we cannot say that the court's conclusion that the board had failed to sustain this charge was without support in the testimony.

Upon reversal of the finding of the board against the appellee on this charge, we think the modification of the penalty was authorized. Without minimizing the other charges, this was probably the most serious

charge brought against the appellee. It is, in effect, a charge that the bar on the appellee's premises was being operated for private profit. The statutory prohibition of Section 403(f), supra, runs against an "operation of the licensed business [which] would inure to the benefit of individual members, officers, agents or employees of the club". This is one of the heaviest charges that can be levelled against a club licensee, since such activity would frustrate the entire policy of the act with regard to club licenses.

If the state of the record warrants a change of penalty by the Quarter Sessions Court, what the penalty shall be, within the limits set by the legislature, is within the discretion of that court.

Decision affirmed.