Opinion by
Watkins, J.,
The Pennsylvania Liqnor Control Board lodged two citations against L-C Green Trees Tavern, Inc., a restaurant liquor licensee. Under Citation No. 436, the Board found that the licensee:
“1. By its servants, agents or employees permitted minors to frequent the licensed premises on June 25, July 23, 30 and August 6, 1965.
“2. By its servants, agents or employees sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors on June 25, July 23, 30 and August 6, 1965.”
And under Citation No. 598, the Board found that the licensee:
“By its servants, agent or employees, sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors on November 14, 1965.”
The Board in the case of Citation No. 436 fined the appellant licensee Two Hundred ($200) Dollars; and on Citation No. 598, suspended the licensee for fifteen (15) days. The licensee appealed to the Quarter Sessions Court of Philadelphia where both citations were heard together de novo by Judge Spaeth.
The court below found that “An independent review of the record confirms the Board’s findings of the violations of August 6 and November 14, 1965. There is *16 no evidence, however, of any violations on June 25, July 23 or July 30, 1965 . . .”.
The Court further said, “Since the Court’s findings are therefore different from those of the Board, the Court may modify the penalty imposed by the Board, and the Court may in its discretion impose a penalty within the limits set by the Legislature. Legion Home Assn, of Monessen Appeal,[1] supra, at 644, 646 . . The Court then entered an order imposing a fine of Two Hundred ($200) Dollars on Citation No. 436 and a suspension of five (5) days on Citation No. 598. The Pennsylvania Liquor Control Board did not appeal from this modification of its order; the licensee did.
The basis of its appeal is the amendment of the “Liquor Code” 1966, January 13, P. L. (1965) 1301, §2, 47 PS 4-471. The pertinent part reads as follows: “No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days.”
We have already held that this notice amendment is not retroactive. Loyal Order of Moose, St. Marys Lodge No. 146 Liquor License Case, 210 Pa. Superior Ct. 464, 234 A. 2d 25 (1967); Chiz & Dot’s, Inc. Liquor License Case, 211 Pa. Superior Ct. 320, 236 A. 2d 546 (1967).
The court below aptly points out that as only the violations of August 6 and November 14 were considered, this licensee received even better notice than the new amendment requires. The licensee was notified *17 at the time of the happening of the violations and before the bartender was arrested by the police officers.
Decision affirmed.

 Legion Home Assn. of Monessen Appeal, 195 Pa. Superior Ct. 643, 171 A. 2d 828 (1961).