Opinion by
 

 Watkins, J.,
 

 This is an appeal by the Liquor Control Board from the order of the Court of Quarter Sessions of Philadelphia County reversing the order of the Liquor Control Board that imposed a fine of $150 on Clarence Elfman, Point Bar, Philadelphia, the licensee-appellee.
 

 The licensee operated an establishment known as “Point Bar” in the City of Philadelphia. ■ The citation charges him with permitting gambling on the licensed premises on May 3, and May 4, 1967. The issuance of the citation was the result of an investigation by the Liquor Control Board after an arrest had been made by the Philadelphia police. The Liquor Control Board’s
 
 *166
 
 investigation began May 3, 1967, and ended July 18, 1967.
 

 It is conceded that neither the enforcement officer nor the Board gave the notice to the licensee as required by §471 of the Liquor Code, as amended, by the Act of January 13, 1966, which became effective March 14, 1966, 47 PS 4-471, the pertinent part of which reads as follows: “. . . No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days . . .”
 

 The Board takes the position that
 
 L-C Green Trees Tavern, Inc.,
 
 212 Pa. Superior Ct. 14, 239 A. 2d 889 (1968), is authority for the proposition that the notice required by the Act is unnecessary where an arrest has been made by the police, as in the instant case. This, however, was not the matrix of that decision. Although we did point out that under the circumstances in that case, the licensee was not harmed by any delay in notice because he received even better notice than required by the Act, in that the violation was brought home to him by the arrest of the bartender, but the reasoning of this Court was that the ten-day notice was unnecessary because the notice amendment was not retroactive, and the violation occurred prior to the effective date of the Act.
 
 Loyal Order of Moose, St. Mary’s Lodge No. 146 Liquor License Case,
 
 210 Pa. Superior Ct. 464, 234 A. 2d 25 (1967);
 
 Chiz
 
 &
 
 Dot’s, Inc. Liquor License Case,
 
 211 Pa. Superior Ct. 320, 236 A. 2d 524 (1967).
 

 In the instant case the notice amendment had been in effect since March 14, 1966. The arrest by the Philadelphia police is a criminal proceeding to be handled
 
 *167
 
 by the criminal courts and although notice of the criminal action may have gotten to the Board and the licensee, this does not fulfill the requirement of the legislature that notice be given, as required by the amendment, to the licensee so that he is made fully aware that his license is about to be endangered by the issuance of a citation.
 

 The Act in question clearly states that “no penalty shall be imposed . . . unless the enforcement officer or the board notifies the licensee”. It is fundamental that “When notice in a specified manner is prescribed by a statute, that method is exclusive.” 28 P.L.E., page 126.
 

 Order affirmed.