Greenspan Liquor License Case.

Argued June 14, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Abe Lapowsky,* for appellant.

*Thomas J. Shannon,* Assistant Attorney General, with him *James Iannucci* and *I. Harry Checchio,* Special Assistant Attorneys General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellee.

OPINION BY WATKINS, J., September 12, 1968:

This is an appeal from the order of the Court of Quarter Sessions of Philadelphia County affirming the decision of the Pennsylvania Liquor Control Board that imposed fines for alleged violations of the Liquor

Code and dismissing the appeals of the licensee, Sidney Greenspan, t/a 743 Bar.

The incidents leading to the violations and fines are as follows: On May 7, 1966 officers of the Philadelphia Police Department entered the licensed premises and found numbers paraphernalia. The licensee was arrested. On June 25, 1966 Philadelphia police officers observed patrons being sold drinks after the legal closing time of the bar. The licensee was arrested.

When these criminal proceedings came to the attention of the Pennsylvania Liquor Control Board citations were issued to show cause why the license should not be revoked because of the violations of the Liquor Code in maintaining gambling paraphernalia and sales after hours. After hearing, the Board imposed fines of $200 and $150 respectively. The licensee appealed to the Court of Quarter Sessions and the court below affirmed the decisions of the Board and dismissed the licensee's appeals.

There is no merit in the contention of the licensee that the evidence was insufficient. We agree with the court below the violations were established by a preponderance of proof.

The contention of the licensee that the Board failed to comply with the recent amendment to the Liquor Code requiring notice to the licensee of impending citations is more serious. Section 471 of the Pennsylvania Liquor Code, as amended by the Act of January 13, 1966, P. L. (1965) 1301, §2, 47 PS §4-471, provides in part as follows: "No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days."

It is admitted that the Board did not comply with the notice provision of this amendment. The Board contends that the notice was not required because an investigation by the Board, through its officers, was unnecessary because of the criminal investigation and proceedings. We cannot agree with this contention. It would create a situation where the Board could avoid the notice requirement in numerous situations on the ground that it was unnecessary to make an investigation. The notice is a mandatory requirement set by the legislature and cannot be so avoided.

The actions by the Philadelphia police officers are a part of a criminal investigation which was followed by criminal proceedings under which the licensee is subject to the criminal penalties prescribed by law. "A proceeding to suspend or revoke a license under the liquor laws has always been considered civil and administrative and not criminal in nature." *Tahiti Bar, Inc. Liquor License Case,* 395 Pa. 355, 150 A. 2d 112 (1959). The Act as amended in 1956, May 25, P. L. (1955) 1587, §2, 47 PS §4-494(b) provides: "(b) The right of the board to suspend and revoke licenses granted under this article shall be *in addition* to the penalty set forth in this section." (Emphasis added)

The acquittal or conviction of a licensee indicted for a violation of the liquor laws does not operate as a bar against subsequent proceedings to revoke his license upon identical charges. *Com. v. McMenamin,* 122 Pa. Superior Ct. 91, 184 A. 679 (1936).

This case is controlled by our recent decision in *Elfman, Point Bar, Liquor License Case,* 212 Pa. Superior Ct. 164, 240 A. 2d 395 (1968), at pp. 166-7, where we say: "The arrest by the Philadelphia police is a criminal proceeding to be handled by the criminal courts and although notice of the criminal action may have gotten to the Board and the licensee, this does not ful-

fill the requirement of the legislature that notice be given, as required by the amendment, to the licensee so that he is made fully aware that his license is about to be endangered by the issuance of a citation." Only the Board can disturb the license privilege.

It is only fair to point out that the Board and the court below did not have the benefit of the *Elfman, Point Bar* decision at the time the instant case was heard and decided.

The appeal of the licensee from the order of the court below is sustained and the fines imposed by the decisions of the Pennsylvania Liquor Control Board are vacated.