## Greenspan Liquor License Case.

130

Argued November 17, 1969.  Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused May 8, 1970.

*Thomas J. Shannon*, Assistant Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Abe Lapowsky*, for appellee.

OPINION BY MR. JUSTICE COHEN, March 20, 1970:

This is an appeal from a decision of the Superior Court of Pennsylvania vacating an order of the Court of Quarter Sessions of Philadelphia County which affirmed the decision of the Pennsylvania Liquor Con-

trol Board imposing fines on Sidney Greenspan, t/a 743 Bar, for violations of the Liquor Code.

As stated by the Superior Court, 213 Pa. Superior Ct. 29, 246 A. 2d 433, 434 (1968), the facts are as follows. "On May 7, 1966 officers of the Philadelphia Police Department entered the licensed premises and found numbers paraphernalia. The licensee was arrested. On June 25, 1966 Philadelphia police officers observed patrons being sold drinks after the legal closing time of the bar. The licensee was arrested.

"When these criminal proceedings came to the attention of the Pennsylvania Liquor Control Board, citations were issued (January 4, 1967) to show cause why the license should not be revoked because of the violations of the Liquor Code in maintaining gambling paraphernalia and making sales after hours. After hearing, the Board imposed fines of $200 and $150 respectively. The licensee appealed to the Court of Quarter Sessions, and the court affirmed the decisions of the Board and dismissed the licensee's appeals."

The sole issue raised in this appeal concerns the notice provisions of the Act of April 12, 1951, P. L. 90, Art. IV, §471, as amended, the Act of January 13, 1966, P. L. (1965) 1301, §2, 47 P.S. §4-471. In relevant part that section states: "No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days." Before us is the question whether notice as specified by the statute must be given when the Board makes no independent investigation of its own but rather issues citations solely on the basis of information supplied by other agencies such as local police departments. No such notice was given to appellee. The Superior Court held

that its decision in *Elfman, Point Bar, Liquor License Case,* 212 Pa. Superior Ct. 164, 240 A. 2d 395 (1968), was controlling. That opinion stated, 212 Pa. Superior Ct. at 166-7, 240 A. 2d at 396 "[t]he arrest by the Philadelphia police is a criminal proceeding to be handled by the criminal courts and although notice of the criminal action may have gotten to the Board and the licensee, this does not fulfill the requirement of the legislature that notice be given, as required by the amendment, to the licensee so that he is made fully aware that his license is about to be endangered by the issuance of a citation."

This problem arises because the statute contemplates only the situation in which the Board or enforcement officers have made an independent investigation. When that factual situation exists, the section specifies what notice must be given and at what time it must be given. The purpose of this provision is to give warning to the licensee that his activities have been under investigation and that his license is about to be endangered. If a licensee or his employee is arrested and charged with activities violative of our criminal laws which are also violative of the Liquor Code, he has received the essence of the notice that the Liquor Code requires. It is necessary to look at the realities of the situation, and when an arrest has been made for conduct that violates both the criminal law and the Liquor Code, the licensee must surely know that the Liquor Control Board may well proceed against him and that he should take corresponding steps to protect his interests. In *Elfman,* the Superior Court discussed *L-C Green Trees Tavern, Inc.,* 212 Pa. Superior Ct. 14, 239 A. 2d 889 (1968) and stated, 212 Pa. Superior Ct. at 166, 240 A. 2d at 396, that "under the circumstances in that case the licensee was not harmed by any delay in notice because he received even better notice than required by the Act, in that the violation was brought home

to him by the arrest of the bartender. . . ."[1] The arrest warrant or the information filed after the arrest furnishes the notice that the statute requires the licensee be given, and therefore the Board need not follow the requirements of §471 when (a) the licensee or his employee is arrested for a crime that is also a violation of the Liquor Code and (b) the Board and its officers make no independent investigation of the facts surrounding the incident but only rely on reports and materials supplied by other agencies.

The *Elfman* case is distinguishable from the present one because in it the citation was issued as the result of an investigation by the Liquor Control Board undertaken after an arrest had been made by the Philadelphia police. Because that independent investigation had been made, the licensee was entitled to notice as prescribed by §471.

Since it was not necessary to give appellee the statutory notice, the order of the Superior Court is vacated, and the order of the Court of Quarter Sessions affirming the decisions of the Liquor Control Board is reinstated.

---

DISSENTING OPINION BY MR. JUSTICE EAGEN:

I dissent and would affirm the unanimous Order of the Superior Court on the Opinion of Judge WATKINS.

Mr. Chief Justice BELL joins in this dissent.

---

[1] In *L-C Green Trees Tavern, Inc.*, the Superior Court held that the ten days notice was unnecessary because the notice amendment was not retroactive and the violation occurred prior to the effective date of the act.