**In re Revocation of Verrastro & Sons, Inc., License**

*George G. Lindsay* and *H. P. Perciballi,* for appellant.

*Sidney A. Simon,* for Pennsylvania Liquor Control Board.

WOOD, J., December 20, 1973.—This case is presently before the court on appeal by Verrastro & Sons, Inc. (Verrastro) from an order of the Pennsylvania Liquor Control Board (board) suspending the Verrastro license for a period of 10 days. Counsel have stipulated that the appeal be decided on the record of the proceedings before the board.

Verrastro contends that averments 2, 4 and 5 of the citation should be dismissed for failure to state the times of the alleged violations. Article IV, sec. 471, of the Pennsylvania Liquor Code of April 12, 1951, P. L. 90, as amended, 47 PS §4-471, provides in part:

"No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless *the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation* within ten days of the investigation which in no event shall exceed ninety days." (Italics supplied.)

The only exception to this notice requirement is where the licensee or his employe is arrested for a crime that is also a violation of the liquor code and the board and its officers make no independent investigation of the facts surrounding the incident, but rely on reports and materials supplied by other agencies: Greenspan Liquor License Case, 438 Pa.

129, 133 (1970). This exception not being applicable here, these averments should be dismissed.

As to the sufficiency of averments 1, 3, 6 and 7, the citation seems to have been clearly sufficient to inform the licensees as to the charges against them and to permit them to prepare a defense. See Faber v. Pennsylvania Liquor Control Board, 9 Comm. Ct. 549, 553 (1973).

On the merits, we find there is sufficient evidence in the record to sustain the findings of the board as to these averments, 1, 3, 6 and 7.

Averment no. 1 alleges a falsification of the application for vehicle identification cards for year ending July 31, 1970. The allegation is that one of the trucks owned by Verrastro was not properly lettered. Verrastro stated on the application that all of the trucks were lettered. An agent for the board testified that he spoke with James Verrastro concerning this truck and that Verrastro admitted not lettering the truck and that it had been an oversight on his part, and that he had the "decals" but had not put them on the truck.

Averment no. 3 alleges that Verrastro hawked or peddled malt or brewed beverages. The board contends that this charge is connected with the charge of failing to prepare sales slips or invoices prior to delivery. Two customers and one of Verrastro's drivers testified that this was the past practice of Verrastro.

Averment no. 6 alleges that Verrastro transported beverages in a vehicle (a station wagon) for which a vehicle identification card had not been obtained. A customer testified that he received beer from Verrastro in a station wagon the day in question. Also, an agent for the board and Chief Cryder (of Muncy) testified they saw the station wagon that day loaded with cases of beer. The driver of the station wagon

testified that he delivered beer in the station wagon that day.

Averment no. 7 alleges that Verrastro transported malt or brewed beverages in a vehicle not properly lettered. This involves the same truck as in averment no. 1. An agent for the board testified that he saw the truck leave Verrastro's loaded with two pallets of beer and saw the truck return empty later in the afternoon.

On the basis of the foregoing, we make the following

## ORDER

And now, December 20, 1973, the findings of the board as to averments nos. 1, 3, 6 and 7, are sustained and as to averments nos. 2, 4 and 5, are rejected and those averments of the citation are dismissed. The penalty ordered by the board is hereby modified to be a fine in the amount of $200, which is hereby imposed.