## First Federal Savings & Loan Association of Wilkes-Barre v. Van Why

*Patrick C. Carey, Daniel P. Lyons,* for plaintiff. *David W. Stokern,* for defendant.

WILLIAMS, *S.J.*, November 18, 1983—Defendant, Robert Van Why, has presented preliminary objections to the complaint in Mortgage Foreclosure filed against him by plaintiff, First Federal Savings & Loan Association of Wilkes-Barre, now known as Franklin First Federal Savings & Loan of Wilkes-Barre, on April 16, 1982 and served upon him by the Deputy Sheriff on April 22, 1982. Attached to the complaint is a copy of a Notice of Intention to Foreclose, dated January 15, 1982, addressed to Robert Van Why at Box 112, Seese Hill Road, Canadensis, Pa., 18325, and sent by certified mail, but returned by the Post Office authorities on February 8, 1982 as "unclaimed". It is apparent that plaintiff was attempting to comply with Section 403(a) and (b) of the act of Jan. 30, P.L. 13 (No. 6), 41 P.S. §403(a) and (b), which provides:

"Sec. 403 Notice of intention to foreclose

"(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.

"(b) Notice of intention to take action as specified in subsection (a) of this section shall be in writing, sent to the residential mortgage debtor by registered or certified mail [i] at his last known address and, if different, [ii] at the residence which is the subject of the residential mortgage." [Bracketing and Emphasis supplied.]

Although the complaint contained a notice to defend within 20 days, the instant preliminary objec-

tions were not filed until July 7, 1982, 76 days after the complaint had been served. Through failure to register timely objection, plaintiff has waived this procedural defect: Pa. R.C.P. 1032; American Leasing v. Morrison Co., 308 Pa. Super. 318, 454 A.2d 555, 558, Footnote 2 (1982); Purificato v. Guida, 70 Pa. D.&C. 2d 107 (1975). In the preliminary objections, defendant pursues two lines of challenge: (1) that service of the Notice of Intention to Foreclose was invalid; and, if the service be valid, (2) that the contents of the Notice fail to comply with the requirements of the Act of 1974. These points are stated in the form of 15 "counts", which we shall treat as representing:

I. Petition Raising a Question of Jurisdiction
   Counts I, II, IV, VI, VIII, X, XII

II. Motion to Strike the Complaint
   Counts I, III, V, VII, IX, XI, XIII

III. Motion for More Specific Pleading
   Count XIV

IV. Demurrer
   Count XV

On October 19, 1982, a new face was imposed upon the facts of the case by a stipulation filed by counsel for the respective parties which superseded, pro tanto, the provisions of the mortgage upon which the original complaint had been based. It provided:

## "STIPULATION AS TO SETTLEMENT

"Now, David W. Stokem, Attorney for Defendant and Patrick Carey, Attorney for Plaintiff stipulate as follows concerning the terms of settlement of the above-captioned matter.

"1. The parties stipulate and agree that the above-captioned matter be held in abeyance and no action taken by either party until:

a. The default of Defendant is fully cured according to the terms of this Stipultion, a which time, the Plaintiff shall discontinue the above-captioned matter without prejudice [PCC] [DWS]; or,

b. The Defendant should default on the terms of this Stipulation and remain in default for a period of ten (10) [PCC] [DWS] days, at which time, the Plaintiff reserves the right to halt the abeyance and pursue this action from the point at which it was suspended.

"2. Defendant shall pay an immediate lump sum of $1,000.00 to Plaintif for said Defendant's arrearages in the above-captioned matter.

"3. Beginning on November 15, 1982, Defendant shall make monthly payments on the 15th of every month [PCC] [DWS] of $287.92, which represents double the monthly payments under the Mortgage, to Plaintiff until the arrearages are cured, after which time, the Defendant will resume regular monthly payments as stated in the Mortgage. [PCC] [DWS]

"4. Total arrearages of Defendant shall include, in addition to the total sum of regular installments owed, the costs of this action plus the Plaintiff's reasonable attorney's fees.

"5. Plaintiff shall continue indefinitely the Argument on Defendant's preliminary objections which are scheduled for November 1, 1982.

"[s]  David W. Stokem
      DAVID W. STOKEM
      Attorney for Defendant

"[s]  Patrick C. Carey
      PATRICK C. CAREY
      Attorney for Plaintiff"

On September 13, 1983, counsel for the respective parties filed a second Stipulation which provided:

## "STIPULATION

"Now, Daniel P. Lyons, Esq., Attorney for Plaintiff and David M. Stoken [sic], Esq., Attorney for Defendant, stipulate as follows concerning the above-captioned matter:

"1. The parties stipulate and agree that in the above-captioned matter:

a. The matter shall be held in abeyance for two weeks from filing of this stipulation, said abeyance shall be without prejudice to either party; and

b. If during the two weeks abeyance, the Defendant enters into and executes a legally binding and valid agreement of sale for premises on which the Plaintiff holds a mortgage, then the abeyance shall be extended for thirty (30) days, with said thirty (30) days extension to begin from the signing of the agreement of sale, and with the 30-day extension be without prejudice to either party.

"2. The parties also stipulate and agree that:

a. If the Defendant does not enter into and execute a legally binding and valid agreement of sale within two weeks of filing of this stipulation; or

b. If the Defendant does enter into a legally binding and valid agreement of sale for premises on which Plaintiff holds the mortgage, within two weeks of filing of this stipulation, but the closing of that agreement fails to take place, for any reason whatsoever, within thirty (30) days of the agreement of sale, then the Court shall have the power to enter the decision on Defendant's Preliminary Objections now before the Court without any further proceedings or oral argument.

"[s]   Daniel P. Lyons
DANIEL P. LYONS, Esquire,
Attorney for Plaintiff

"[s]   David W. Stokem
DAVID W. STOKEM, Esquire,
Attorney for Defendant"

"Approved, Sept. 13, 1983
[s] Arlington W. Williams,
S.J."

By letter, dated September 30, 1983, Daniel P. Lyons, Esq., of counsel for plaintiff, has informed the court that two weeks from the filing of the stipulation (September 13, 1983) have passed without any entry by defendant into an agreement of sale, and has requested the court to proceed with a disposition of defendant's preliminary objections. It will be desirable to have this information brought clearly upon the record through a suggestion to be filed by counsel for plaintiff.

## DISCUSSION

At the outset, we find no merit in the assertion by counsel for Defendant that the Court lacks subject matter jurisdiction of the instant proceeding. If the point were valid, the Court would be powerless to consider the numerous defects allegedly found in the Notice. Counsel has cited no authority in support of such a proposition. Our own research has revealed but a single case in which this was even suggested: Mid-Penn Consumer Discount Co. v. Chamberlain, 8 Pa. D.&C. 3d 752, 753, 754 (1979), where Judge Richette said:

"Defendant Chamberlain contends that plaintiff Mid-Penn failed to give proper notice of its intention to foreclose as required by the Act of January 30,

1974, P.L. 13, 41 P.S. Sec. 403 (Act 6), and that by consequence the complaint must be dismissed for want of subject matter jurisdiction. Plaintiff's answer to the preliminary objections asserts that its July 13, 1978, communication, referred to above, to Ms. Chamberlain comports with the spirit and law of the notice requirement of Act 6.

"After reviewing the statute (Act 6), the notice of intention to foreclose sent by defendant Mid-Penn and the recent case law discussed in the memoranda of both parties, this court concludes that the preliminary objections to the complaint should be sustained."

It is evident that Judge Richette rejected counsel's challenge to the subject matter jurisdiction of the court because, although without specific discussion of the challenge, she proceeded directly to the consideration and disposition of other preliminary objections which she would have lacked the power to accomplish if the challenge had been valid.

There remains one other jurisdictional question: Did the court obtain jurisdiction over the person of defendant? In Paragraph 1 of the preliminary objections it is averred: "Defendant never received a Notice of Intention to Foreclose from Plaintiff". Counsel for defendant is mistaken in assuming that actual receipt of the Notice is an essential element of effective service under the Act of 1974. Even where a defendant has actually received the notice, service of it will be defective unless the particular requirements of the Act have been fulfilled: Gettysburg National Bank v. Trace, 13 Pa. D.&C. 3d 679, 681 (1980), where President Judge Spicer said:

"Service in this case was effected by personally handing the notice to defendants. This is perhaps better service than the law requires but it is defective. The act requires service by certified or regis-

tered mail. 'Where a specified mode of giving notice is prescribed by statute, that method is exclusive.' 58 Am. Jur. 2d Notice Sec. 22; 29 P.L.E. Notice Sec. 4; Potter Title & Trust Co. v. Berkshire Life Ins. Co., 156 Pa. Superior Ct. 1, 39 A. 2d 268 (1944); Elfman, Point Bar, Liquor License Case, 212 Pa. Superior Ct. 164, 240 A. 2d 395 (1968); Gramley v. City of Williamsport, 66 D.&C. 2d 495 (1974)."

Section 403 (b) of the Act, 41 P.S. §403 (b), quoted supra, requires only that the notice be in writing, sent by registered or certified mail to defendant's last known address and, if different, to the residence which is the subject of the residential mortgage. Reference to the legal description of the mortgaged premises will show that they do not front on Seese Hill Road (see: Appendix, Exhibit "A") but, notwithstanding, that they are "commonly known as Box 112, Seese Hill Road, Canadensis, Monroe County, Pennsylvania" (Complaint, Paragraph 3, Exhibit "A").* In addressing the written Notice of January 15, 1982 by certified mail to defendant at Box 112, Seese Road, Canadensis, Pa., 18325, plaintiff fully complied with the statutory requirements. If defendant had wished to negative the validity of service, it would have been necessary to aver that Box 112 Seese Road was the Post Office address of neither defendant nor of the mortgaged premises. Since he has not done so, the petition raising a question of jurisdiction will be denied.

The motion to strike the complaint, the motion for more specific pleading, and the Demurrer are predi-

---

* Aside: In the Real Estate Annual Assessment, 1982, volume for Barrett Township, the name and address of the taxpayer for the subject premises is given as: "Van Why Robert, Box 112, Canadenis, PA., 18325".

cated upon alleged default in complying with the terms of the original mortgage. By the stipulation of October 19, 1982, the parties introduced substantial modifications to these terms, thereby rendering earlier preliminary objections embodied therein moot. In any further developments in this case, the focus will be directed to the default, if any, by defendant in meeting the terms of the stipulation. Plaintiff should be afforded the opportunity to prepare and serve upon defendant a new notice of intention to foreclose, and to file and serve an amended complaint, both of which should be designed to reflect the new factual situation resulting from the Stipulation, and any additional payments on account of the Mortgage which have been made by defendant. Cf. Salmon Building & Loan Association v. Mroz, 6 Pa. D.&C. 3d 59, 64 (1977). Attention is called to the form of notice of intention to foreclose, promulgated by the Secretary of Banking in 12 Pa. Bulletin No. 17, April 24, 1982, in response to the mandate of Section 601 of the Act of 1974, 41 P.S. §601, and now found in 10 Pa. Code, Chapter 7, Sec. 7.4 (See: Appendix, Exhibit "B"). See: Gettysburg National Bank v. Trace (No. 2), 22 D.&C. 3d 474, 477-480 (1982).

## ORDER

And now, this November 18, 1983, it is ordered as follows:

1. The petition raising questions of jurisdiction is denied, and the service of the notice of intention to foreclose dated January 15, 1982, is sustained.

2. The motion to strike the complaint, the motion for more specific pleading, and the demurrer are dismissed as being moot.

3. Plaintiff is granted leave, when the occasion requires, to prepare and serve upon Defendant a

new notice of intention to foreclose, and to file and serve an amended complaint. The notice and the amended complaint shall reflect the new factual situation resulting from the stipulation of October 19, 1982.