## Southwest National Bank of Pennsylvania v. Carson

*Joseph Mitinger,* for plaintiff.
*Ross S. Bash,* for defendant.
*Charles D. Sheehy,* for additional defendant.

LOUGHRAN, *J.,* February 28, 1990 — This is an action for mortgage foreclosure. Judgment has heretofore been entered against defendant, Robert F. Carson; and the United States of America has consented to a limited judgment of mortgage foreclosure which has been entered of record.

Heather M. Carson has contested the proceedings against her. A non-jury trial was held before the Honorable Charles H. Loughran on October 24, 1989, and on November 14, 1989, the court entered an order dismissing defendant Heather M. Carson's petition to stay the foreclosure proceedings and authorized plaintiff to proceed with the foreclosure action.

Defendant, Heather M. Carson, subsequently filed a motion for post-trial relief and a brief was filed by her counsel supporting her position. No copy of the transcript of the trial was furnished by defendant, Heather M. Carson, because of her asserted inability to pay for the same.

After receipt of briefs the matter was orally argued before the court sitting en banc on February 28, 1990.

## DISCUSSION

The arguments raised by defendant, Heather M. Carson, in her motion for post-trial relief are essentially a repetition of the arguments made to the court during and after the trial of the action. The court, in making its findings of fact and conclusions of law, carefully considered each of the legal positions asserted by the defendant, Heather M. Carson, and has rejected them.

While the argument propounded by counsel continually repeats assertions that plaintiff had a *duty* to attempt to find a more current address for Heather M. Carson when the letters containing her Act 6 and Act 91 notices were returned marked "unclaimed," it is again apparent from the examination of the cases cited by counsel for defendant, Heather M. Carson, that there is no statement of law from any source which supports the assertion of the defendant. If the legislature had determined that additional searching for a defaulting debtor was to be required of creditors, it would have so provided in the legislation which it enacted. The legislature did not intend to permit defaulting debtors who simply move to avoid the process of law.

It is undisputed that plaintiff complied with the provisions of Act 6 and Act 91 by sending a notice in correct form to the street address of the mortgage property. The street address was also the last known address of defendant at the time the notices were sent. Thus, the bank fully complied with the statute. If the legislature had determined that more action was required, the legislation it enacted could

easily have provided for personal service or some other form of personal receipt of the notices.

Defendant has argued that the case of *First Federal Savings and Loan Association of Wilkes-Barre v. Van Why,* 29 D.&C. 3d 675 (1983) is more of defendant's position than of plaintiff's. A careful reading of this case completely refutes defendant's assertion. The facts of the case, as noted by the court in its opinion, showed that the bank mailed the notice of intention to foreclose the mortgage to the mortgagor's last known address. Even though the letter containing the notice was returned marked "unclaimed," the court found that the mortgagee had complied with the statute and nothing more was required.

The opinion of the learned Judge Williams of Monroe County in *Van Why, supra,* at page 682 specifically states as follows:

" 'Where a specified mode of giving notice is prescribed by statute, that method is exclusive,' 58 Am. Jur. 2d Notice §22, 29 PLE Notice §4; *Potter Title & Trust Co v. Berkshire Life Ins. Co.,* 156 Pa. Super. 1, 39 A.2d 268 (1944); *Elfman, Point Bar, Liquor License Case,* 212 Pa. Super. 164, 240 A.2d 395 (1968); *Gramley v. City of Williamsport,* 66 D.&C. 2d 495 (1974).

"Section 403(b) of the act, 41 P.S. §403(b), quoted *supra,* requires only that the notice be in writing sent by registered or certified mail to defendant's last known address and, *if different, to the residence which is subject of the residential mortgage.* . . . If defendant had wished to negative the validity of service, it would have been necessary to aver that Box 112 Seese Road was the Post Office address of neither defendant *nor of the mortgage premises."* (emphasis supplied)

Defendant has argued both at the hearing on his

petition and as well at the argument before this judge sitting as a court en banc to hear the post-trial motions, that his client was not given the proper notice because the mortgagee failed to make further investigation to ascertain his client's then-current address which was different from the address of the mortgage premises — the only address that the bank was aware of when the notices were sent.

Defendant continually fails to cite cases in support of some investigative duty, under Pennsylvania law, the bank must undergo to allegedly have proper service under the act, with the exception of the case of *Sharp v. Fidelity Bond and Mortgage Co.*, a 1982 bankruptcy case reported at 24 B.R. 817 (1982). This case stands for the proposition that Rule of Civil Procedure 3129(a) imposes upon a mortgagee an affirmative duty to make a reasonable good-faith investigation to ascertain the debtor's current address. Unfortunately, this rule has nothing to do with the statutory requirements herein, and the case, therefore, is of no moment for our concern.

It is reasonable, therefore, to assume that in trying to balance the equities between debtors and creditors, the legislature did not intend to impose an unreasonable burden on creditors while requiring an effort on their part to notify debtors of possible actions to be taken against them. Defaulting debtors can readily move from place to place and frequently can conceal their whereabouts with great ease. The legislature has determined that the mailing of a notice by certified mail to the address of the mortgaged property, or to the debtor's last known address, is a sufficient action, calculated to inform a debtor with reasonable certainty of impending action. The legislature, in its wisdom, struck a balance between the rights of creditors and debtors by enacting the statutes as it did.

## ORDER OF COURT

And now, February 28, 1990, after argument and submission of briefs pro and con regarding the defendant's post-trial motions, it is hereby ordered, adjudged and decreed that the post-trial motions of the defendant are hereby denied.