IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania　　　:
　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　: No. 1005 C.D. 2021
　　　　　　　　　　　　　　　　: Argued: October 11, 2022
Randy J. Spencer,　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　Appellant　　:


BEFORE:　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　　HONORABLE STACY WALLACE, Judge
　　　　　　HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK　　　　　　　　　　FILED: December 22, 2022


　　　　　　Randy J. Spencer (Owner) appeals from an order of the Venango County Court of Common Pleas (trial court) that denied his *de novo* appeal of five summary convictions based on five citations issued by the Township of Cranberry (Township) for storing more than two abandoned or junked motor vehicles on his properties in violation of the Township's property maintenance code (Code).[1] In his appeal, Owner does not argue the merits of his convictions, but argues only that the trial court erred in failing to dismiss his convictions when the Township failed to properly serve him with notices of violation. The question presented here is whether the trial court abused its discretion or committed an error of law when it failed to grant Owner's motion to dismiss based on the Township's failure to properly serve

---

[1] Cranberry Township Property Maintenance Standards Code, enacted November 8, 2018, *as amended*.

Owner with notices of violation.[2]  After careful review, we discern no error of law or abuse of discretion by the trial court, and we affirm.

The relevant facts found by the trial court and from the record are as follows.  Owner owns several properties in the Township, including the five parcels[3] for which he was cited by the Township for keeping more than two abandoned vehicles in violation of the Code.[4]  The Township initiated the current proceedings on June 11, 2020, by mailing five notices of violation to Owner regarding the abandoned vehicles kept on his properties.  Reproduced Record (R.R.) at 9a.  Of the five notices sent by certified mail, two were returned as "unclaimed," one was returned as "not deliverable as addressed," one was returned as "insufficient

---

[2] Although Owner raises four separate questions on appeal, each question relates to whether the trial court erred in denying his motion to dismiss based on the Township's failure to provide proper notice.  We have consolidated the questions for ease of analysis.

[3] The five properties at issue are identified in the five citations issued by the Township and are contained in the Reproduced Record at 32a-36a.

[4] Section 132-3 of the Code defines "abandoned or junked motor vehicle" as "[a]ny motor vehicle that: A. Is not in operable condition; and/or B. Does not have properly affixed thereto both a current Pennsylvania inspection sticker (if required in order to be legally operated on a public street or highway) and a current license plate."

In relevant part, Section 132-4.D of the Code requires each owner of any premises in the Township to maintain such premises in accordance with the Code, so that none of the following activities or conditions occur or exist on such premises:

> D.  The storage or accumulation of more than two abandoned or junked motor vehicle[s] that can be seen from any public highway, road, street, avenue, lane[,] or alley which is maintained by the Township or by the Commonwealth of Pennsylvania.

Section 132-4.D of the Code provides exceptions to this prohibition for auto sales and auto repair businesses and for active farms, which are not relevant here.  The relevant provisions in the Code may be found in the Reproduced Record at 1a-6a.

2

address," and one was returned for an unknown (or illegible) reason. *Id.* at 27a-31a. The certified mail was addressed to Owner at 166 Garden Lane, Franklin, Pennsylvania 16323. *Id.*[5] The Township also mailed the notices to Owner by first-class, regular mail, which were not returned. *Id.* at 9a-14a. When the Township did not hear from Owner, it issued five non-traffic citations for Code violations, all of which stated that Owner "has more than two abandoned or junked motor vehicles that can be seen from a State or Township maintained road" in violation of Section 132-4.D of the Code. *Id.* at 32a-36a. After a hearing before a magisterial district judge, Owner was found guilty of the Code violations and was fined $1,000 plus costs for each property. Original Record (O.R.) at Item 8.

Owner appealed to the trial court, which docketed all five appeals to the same docket number. Neither party objected to the consolidation, and the trial court treated the matter as one case. *See* Owner's Brief at 12 n.1. The trial court entertained several motions[6] and held a hearing on the merits of the appeal on June 22, 2021.[7] At this hearing, the Township Code Enforcement Officer testified in relevant part that he sent to Owner by certified mail and first-class mail the notices

---

[5] Owner does not argue, nor does the record reflect, that the Township mailed the notices to an incorrect address. Owner testified that his address was 166 Garden Lane, Franklin, Pennsylvania 16323, and he listed the same address in his statutory appeal to the trial court. *See* Supplement to Original Record (O.R.) (June 22, 2021 Hearing Transcript) at 103 and O.R. at Item 8.

[6] On or around March 23, 2021, before the *de novo* hearing on the merits took place, Owner filed a motion to dismiss on double jeopardy grounds, which the trial court denied in an order dated April 14, 2021, from which Owner ultimately did not appeal. *See* O.R. at Items 10-16 and Owner's Brief at 12.

[7] Owner included only some pages from the June 22, 2021 Hearing Transcript in the Reproduced Record. On October 3, 2021, the trial court filed the complete June 22, 2021 Hearing Transcript with the Court as a Supplement to the Original Record.

of violation, with the certified mail returned as unclaimed or not deliverable, and the first-class mail was not returned. R.R. at 9a-14a. The Township Code Enforcement Officer testified that he did not personally serve Owner with the notices, post the notices at Owner's property, or publish the notices in the newspaper, believing that Owner had already received the notices. *Id.* at 17a-18a. At the conclusion of the Township's case, Owner made an oral motion to dismiss, on the grounds that the Township failed to properly serve Owner with notices of violation, as required by Section 132-5 of the Code.[8] *See* R.R. at 24a-25a. The trial court took Owner's motion to dismiss for lack of notice under advisement, preserved the motion, and directed that the case be heard to completion. *Id.* at 25a-26a.

Section 132-5 of the Code provides the enforcement provisions for Code violations. When the Township Code Enforcement Officer becomes aware of a potential Code violation, he or she must cause written notice to be served on the owner of the premises in "at least one of the following manners:"

> (1)    By personal delivery of the notice to the person to be served.
>
> (2)    By handing a copy[] of the notice at the residence of the person to be served to an adult member of the family with which such person resides, but if no adult member of the family is found, then to an adult person then in[]charge of such residence.

---

[8] Owner and the Township argue that Owner made his oral motion to dismiss for lack of notice after the Township presented its case in chief. *See* Owner's Brief at p. 13, Township's Brief at p. 8. The trial court describes Owner's motion to dismiss for lack of notice as "being raised before the undersigned for the <u>first time after trial</u>." Trial Court 8/10/21 Opinion at (unnumbered) 2 (emphasis in original). The Trial Court 8/10/21 Opinion may be found in the Original Record at Item 9. Our review of the June 22, 2021 Hearing Transcript reveals that Owner made his oral motion to dismiss for lack of notice after the Township presented its case in chief.

(3)    By affixing a copy of the notice to the door at the entrance of the principal building on the subject premises.

(4)    By mailing a copy of the notice to the last known address of the person to be served by certified mail, return receipt requested.

(5)    By publishing a copy of the notice in a newspaper of general circulation within Venango County, Pennsylvania, once a week for three successive weeks.

Section 132-5.A of the Code.

Section 132-5.C of the Code requires that the notice set forth the alleged violation and the required removal or correction of the violation within 20 days. Section 132-5.E of the Code provides that if an owner fails to timely comply, the Township may take further steps to enforce the Code. In relevant part, Section 132-6 of the Code authorizes the Township to issue a citation, to be heard before a magisterial district judge under the Rules of Criminal Procedure, and, if convicted, the owner may be subject to fines of not less than $300 or more than $1,000 per violation.

The trial court issued a decision dated August 10, 2021, denying Owner's motion to dismiss for lack of proper service of the notices of violation, affirming Owner's convictions, and reducing the fines to $750 for each property, plus costs, in recognition of "some efforts (visible to the Court during our view) to remedy the violations." Trial Court 8/10/21 Opinion at 3. The trial court stated that "[g]iven the tortured history of this case, we will be blessedly brief." *Id.* at 1. As to Owner's guilt or innocence of the Code violations, the trial court found that Owner "is clearly guilty beyond <u>all</u> doubt. This level of certainty is based on our actual view of the five properties at issue," conducted by the trial court Judge after the trial was concluded, with the knowledge of, and without objection by, the parties. *Id.* at

5

1-2 (emphasis in original).  The trial court concluded that "[t]he view supported uniformly that the photographic evidence submitted at trial was accurate and that <u>numerous</u> vehicles were visible from established roadways on all five properties." *Id.* at 2 (emphasis in original).

The trial court then addressed the notice issue, explaining that Owner never argued or even suggested that the properties were not in violation of the Code, but instead "argues, two years after these citations were filed, that they were not properly served."  Trial Court 8/10/21 Opinion at 2.  The trial court explained:

> Generally, as the guardian of the process, this Court should be (and is) sensitive to legal requirements that ensure adequate notice and due process.  However, where this issue is being raised before the undersigned for the <u>first time after trial,</u> these arguments have no conceivable merit other than [Owner's] ongoing desire to prolong the outcome in any way possible.  Simply put, any violation of original process at this procedural stage, after two years of litigation, is so untimely as to be beyond *de minimis*.  Consistent with that conclusion, we DISMISS the arguments and find [Owner] in violation of the [C]ode on all five properties.

*Id.* at 2-3 (emphasis in original).  Owner then appealed to this Court on the notice issue only.[9]

Owner first argues that the trial court erred in denying his motion to dismiss for lack of proper notice, based on when the motion was presented.  Owner argues that, although he could have presented this motion earlier, he was not required to under Pa.R.Crim.P. 606 (Rule 606).  Owner argues that under Rule 606, his motion raised a challenge to the sufficiency of the evidence to sustain a conviction,

---

[9] Our scope of review for a summary conviction matter, where the trial court has taken additional evidence in a *de novo* review, is limited to considering whether the trial court abused its discretion or committed an error of law.  *Commonwealth v. Halstead*, 79 A.3d 1240, 1242 (Pa. Cmwlth. 2013).

characterized as a "motion for judgment of acquittal," which may be presented "at the close of the Commonwealth's case in chief," which is when Owner presented his motion here. Owner further argues that proper service of the notices of violation is a substantive requirement or an element of the offense because his convictions were based on Section 132-5.E of the Code. This Section states that "[i]f an owner fails to timely comply with such notice [of violation], such owner will be in violation of [the Code] and will be subject to the penalties and enforcement provisions set forth in §132-6 of [the Code]." Owner argues that because the Township did not provide proper notice, it failed to prove a substantive requirement of the offense, and that Owner's convictions should be dismissed on that basis. Owner argues that when a statute prescribes a method of notice, that method is exclusive, citing in support *In re Elfman*, 240 A.2d 395, 396 (Pa. Super. 1968).[10] Owner disputes the Township's anticipated argument that Owner had actual notice of the violations, when it was not proved that notice was ever given by receipt of the first-class mail, and when the Code Enforcement Officer admitted he did not seek to talk to Owner before filing the citations. Owner argues that the stated notice requirements in Section 132-5.A of the Code must be strictly followed, and that the trial court erred by rewriting these requirements. Owner further argues that Pa.R.Civ.P. 403 is instructive if not directly applicable on the notice issue, which permits service by regular mail only if certified mail is "refused" and not merely "unclaimed."

The Township responds that Owner's motion to dismiss for lack of notice was properly rejected as untimely because it violated Pa.R.Crim.P. 578, which requires all pretrial requests for relief to be filed in one omnibus motion unless

---

[10] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

7

otherwise required in the interests of justice. The Township responds that Rule 606, cited by Owner, is not applicable to his motion to dismiss for lack of notice, because lack of notice does not challenge the sufficiency of the evidence. The Township further responds that Owner filed his motion to dismiss on double jeopardy grounds before the trial began, that nothing prevented him from seeking dismissal for lack of notice at the same time, and his delayed request amounts to improper gamesmanship. The Township further rejects Owner's argument that service of the notices comprises an element of the offense, and notes that Owner provided no legal authority in support of this argument. The Township cites *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1258 (Pa. Cmwlth. 2002), for the proposition that a sufficiency of evidence claim looks to whether "each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." The Township argues that proof of service by certified mail through a signed receipt is not an element of the offense, which, here, concerns whether or not Owner stored more than two abandoned vehicles on his properties in violation of Section 132-4.D of the Code. The Township argues that the citations specifically referred to Section 132-4.D of the Code and that they adequately describe the violations as the storage of more than two abandoned vehicles. The Township argues that the service provisions appear in a separate Code section related to enforcement procedures and not to the definition of the offense.

The Township further contends that so long as Owner had actual notice of the alleged violations and never corrected the violations, he is guilty of the violations. On this point, the Township asserts that Owner had actual notice of the violations as evidenced by his receipt of the notices by first-class mail, by Owner's active participation in every trial and hearing on these violations, and by the long

history of litigation between the parties over abandoned vehicles on Owner's properties.[11]  The Township further argues that under Pa.R.Crim.P 109, Owner's case should not be dismissed because of a procedural defect, unless Owner can show that he was prejudiced by the defect, which Owner cannot demonstrate here.  The Township cites *Commonwealth v. DeLoach*, 714 A.2d 483 (Pa. Cmwlth. 1998), and *Commonwealth v. Zeller* (Pa. Cmwlth., No. 2059 C.D. 2010, filed August 3, 2011)[12] in support of this argument.  The Township also responds that Owner received proper notice under the Code when the Township mailed the notices by certified mail, because the Code does not require the recipient to claim the certified mail.  In support, the Township cites to *Appeal of Nu Studio Lounge, Inc.*, 258 A.2d 691 (Pa. Super. 1969).

Review of the applicable case law and rules will be helpful in our analysis.  In *Elfman*, 240 A.2d 395, the Superior Court addressed whether a liquor licensee received proper notice of his liquor code violation when the enforcement officer failed to notify him of the violation, relying on the licensee's arrest to provide

---

[11] Owner and the Township were parties to litigation over Owner's abandoned vehicles in four earlier appeals to our Court that have already been completed at Docket Nos. 2569 C.D. 2004, 1253 C.D. 2008, 2289 C.D. 2011, and 201 C.D. 2020.  Owner and the Township are parties to four pending appeals before our Court concerning Owner's abandoned vehicles, docketed at 375 C.D. 2020, 568 C.D. 2022, 569 C.D. 2022, and 570 C.D. 2022.  Owner admitted that the Township has been "hounding" him for years about his abandoned vehicles.  Owner's Brief at 18 n.3.  It is appropriate for this Court to take judicial notice of documents that are filed and entered in our docket.  *See, e.g.*, Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) (taking judicial notice of docket entries that were not part of the original record); *Miller v. Unemployment Compensation Board of Review*, 131 A.3d 110, 115 (Pa. Cmwlth. 2015) (taking judicial notice of the entries on a claimant's criminal docket and the records contained therein).

[12] *See* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008.  [] Non-precedential decisions . . . may be cited for their persuasive value.").

9

notice. The Superior Court held that the licensee could not be fined for a liquor code violation for which he had no notice, when the statute required such notice. *Id.* at 396.

In *DeLoach*, 714 A.2d 483, our Court considered whether a defect in service of property nuisance citations for improper storage of tires on their property required the owners' convictions to be dismissed. In *DeLoach*, the owners sought to have their case dismissed when the township served the citations on their attorney, who was representing them on another matter, instead of serving them personally as required by the Rules of Criminal Procedure. *Id.* at 485-86. The Court analyzed the earlier version of Pa.R.Crim.P. 109, which required the defendant to raise the defect at trial and to show that the defect is prejudicial. The Court explained that it had held "that the party raising the defect has the burden of showing that he suffered 'manifest and palpable' harm from the noncompliance with the Rules of Criminal Procedure." *Id.* at 486 (citations omitted). In *DeLoach*, although service was not made either personally or by mail, the owners admitted at trial that they had knowledge of the citations, discussed them with the township, appeared to defend the citations before the magisterial district judge, appealed to the trial court, and appeared before the trial court to seek dismissal. *Id.* Because the owners had actual notice of the citations and were not prejudiced in any way by the failure of personal or mail service, we affirmed the trial court's determination that "any defect in service was harmless," and the owners were "not entitled to dismissal of the citations on this basis." *Id.*

In *Commonwealth v. Halstead*, 79 A.3d 1240 (Pa. Cmwlth. 2013), this Court considered whether property maintenance citations issued to an owner for defective windows and other structures on his property were sufficient to provide

10

him with notice of violations. Based on the description of violations on the citations, we held that the owner received sufficient notice of the violations concerning his windows, but not for violations concerning other structures on his properties. *Id.* at 1248. The Court cited *Spontarelli*, 791 A.2d 1254, and explained that, for summary convictions, each element of the offense must be proven beyond a reasonable doubt. *Halstead*, 79 A.3d at 1242. We then discussed owner's appeal, which challenged sufficiency of notice but not sufficiency of proof of guilt. The Court agreed that, under Pa.R.Crim.P. 403, a citation must be specific enough so that the essential elements of the summary offense are set forth in the citation so that the defendant has "fair notice of the nature of the unlawful act for which he is charged." *Halstead*, 79 A.3d at 1243 (quoting *Commonwealth v. Borriello*, 696 A.2d 1215, 1217 (Pa. Cmwlth. 1997), *aff'd*, 723 A.2d 1021 (Pa. 1999)). We then analyzed Pa.R.Crim.P 109, which provides, however "that cases shall not 'be dismissed because of a defect in the form or content of a . . . citation . . . unless the defendant raises the defect before the conclusion of the trial in a summary case . . . and the defect is prejudicial to the rights of the defendant.'" *Halstead*, 79 A.3d at 1243. The Court explained that

> [i]n *Borriello*, we concluded that "[s]uch prejudice will not be found where the content of the citation, taken as a whole, prevented surprise as to the nature of summary offenses of which [the] defendant was found guilty . . . at trial, . . . or the omission does not involve a basic element of the offense charged."

*Halstead*, 79 A.3d at 1243. Thus, it is clear from the Court's discussion in *Halstead* that in property violation proceedings, questions about the sufficiency of proof of elements of the offense are distinct from questions about whether the owner received proper notice of the alleged violations.

11

In *Slovak-American Citizens Club of Oakview v. Pennsylvania Liquor Control Board*, 549 A.2d 251 (Pa. Cmwlth. 1988), our Court held, in relevant part, that a liquor licensee received proper notice of a liquor code violation when the board sent notice by certified mail, which was returned unclaimed, and when it was unknown whether a second notice, sent by first-class mail, was received.

Finally, Pa.R.Crim.P. 109 states, in relevant part, that

> [a] defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case … and the defect is prejudicial to the rights of the defendant.

With this background in mind, we discern no error by the trial court when it declined to dismiss the charges against Owner for lack of notice. The trial court did not err or abuse its discretion when it found that "[s]imply put, any violation of original process at this procedural stage, after two years of litigation, is so untimely as to be beyond *de minimis*." Trial Court 8/10/21 Opinion at 2. We reject Owner's argument that service of the notices is a substantive element of the offense, as explained by our Court in *Halstead*. Therefore, Owner's reliance on Pa.R.Crim.P. 606 is misplaced, because lack of notice is not a challenge to the sufficiency of the evidence of the offense. Rather, as required by Pa.R.Crim.P. 109, although Owner challenged service of the notices before the conclusion of the trial, Owner failed to show that this defect was prejudicial to his rights. Because Owner was not prejudiced by the Township's purported lack of proper notice, the trial court correctly declined to dismiss the charges on that basis.

Under the Code, the purpose of a notice of violations is to describe the alleged violations and give the owner 20 days to correct them, which Owner here

12

did not do. Owner does not argue that he was not aware of the nature of the violations or the applicable Code section. The record reflects that the Township sent notices of violation to Owner by certified mail on June 11, 2020, some of which were returned as unclaimed, and some which were not delivered, followed by first-class mail, which was not returned. Although the Township did not perfect service by certified mail because Owner failed to claim two of the certified letters, we may properly infer that Owner received actual notice of his violations by first-class mail that was delivered to him and not returned, and by taking judicial notice of the long history of litigation between the parties over these abandoned vehicles. Further, our review of the complete June 22, 2021 Hearing Transcript reveals that Owner admitted he received the notices of violation. The following exchange took place during Owner's direct testimony:

> Q: [by Owner's counsel to Owner] Did you hear from [Township Code Enforcement Officer] prior to getting the enforcement notice?
>
> A: [by Owner] No.
>
> Q: You got the enforcement notice and about three weeks later you got the citation, correct?
>
> A: Correct.

June 22, 2021 Hearing Transcript at 135. Thus, the record reflects that Owner had actual notice of the notices of violation, as well as the citations, in this matter.

The record also shows the following: the Township issued citations on July 8, 2020; Owner had a hearing and was found guilty of the Code violations by the magisterial district judge on September 28, 2020; Owner timely appealed his convictions to the trial court; the trial court entertained and ruled on several motions and had a hearing on the merits on June 22, 2021; and the trial court affirmed

13

Owner's convictions on August 10, 2021. Owner actively participated in each stage of the proceedings but took no significant steps to remove the abandoned vehicles from his properties during this litigation, which the trial court confirmed by its own view before issuing its decision. Therefore, Owner failed to show that he was prejudiced in any way by the Township's failure to complete service of the notices by certified mail. The Superior Court opinion in *Elfman* is not persuasive on the notice issue because, here, Owner had actual notice of the violations. The Court's holdings in *DeLoach* and *Slovak-American Citizens Club*, and their analysis of Pa.R.Crim.P. 109, are directly on point and govern the outcome here, because Owner did not show that he was prejudiced in any way by defective service of the notices.

Accordingly, and for the foregoing reasons, the trial court's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
          v.     : No. 1005 C.D. 2021
    :
Randy J. Spencer,     :
    :
            Appellant     :

# **O R D E R**

AND NOW, this 22nd day of December, 2022, the Order of the Venango County Court of Common Pleas dated August 10, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge