Smart, Inc., Appellant, *v.* Pennsylvania Liquor Control Board, Appellee.

Argued October 10, 1974, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Richard F. Stevens,* with him *Butz, Hudders & Tallman,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 4, 1974:

This is an appeal from an order of the Court of Common Pleas of Lehigh County affirming and modifying the imposition of a fine upon Smart, Inc. (Appellant) by the Commonwealth of Pennsylvania Liquor Control Board (Appellee).

Appellee originally imposed a $400.00 fine for selling beer to a minor and to a person visibly intoxicated at Ye Olde Ale House, Schnecksville, Pennsylvania. Following a de novo hearing, the court below sustained Appellee's finding that sales of alcoholic beverages were made to person(s) visibly intoxicated; however, it found that there was insufficient evidence to support a finding that sales were made to minors so it modified by reducing the fine.

Initially, Appellant contends that Appellee failed to give timely notice of the alleged violations. However, the Board enforcement officer testified that the citations covered the period from November 22, 1972, through January 16, 1973, and that on January 22, 1973, the Board notified Appellant of the nature and dates of the alleged violations. Since the court below found this de novo testimony credible, we are bound by its conclusion.

Section 471 of The Liquor Code, Act of April 12, 1951, P. L. 90, *as amended,* 47 P.S. §4-471 (Supp. 1974-1975), provides in pertinent part: "Upon learning of any violation of this act . . ., *the board may, within one year from the date of such violation* . . ., cite such licensee to appear before it or its examiner, . . . . No penalty provided by this section shall be imposed . . . unless the enforcement officer or the board notifies the licensee of its nature *and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days.*" (Emphasis added.)

The able opinion of Judge DAVISON accurately related the facts to the law when he wrote: "The Act does not require that the investigation be deemed completed on the very same day as the last of the alleged violations, but rather seems to envision investigations of a continuing nature. The statute requires only that the investigation be completed within ninety days, notice be given to the licensee within ten days of the completion of the investigation and that a' citation issue within one year of the date of the alleged violations. In the instant case there is no basis in fact for disregarding the testimony that the investigation was not completed until January 16, 1973. It is apparent that the statutory notice requirements have been met. *See* 4-6 Club v. Pennsylvania Liquor Control Board, 442 Pa. 154, 275 A. 2d 40 (1971)."

Appellant's next argument is that there was insufficient evidence to support the finding that its patron was visibly intoxicated. We find no merit to it. A Board enforcement officer testified that on November 22, 1972, at approximately 9:00 P.M., he entered the licensee's premises, took a seat at the bar and then he accurately described in detail the appearance of a man who occupied the seat next to him. Appellant's counsel vigorously and ably advances, among other reasons for the patron's disposition to repose on the bar, that he was in deep meditation. On three occasions, he observed his imbibing neighbor raise his head, order and consume draft beer which had been served by the bartenders. At approximately 10:25 P.M., two persons physically removed the feet-dragging patron from the premises. Although the officer did not detect the odor of alcohol, he convincingly maintained his opinion that in these circumstances, the gentleman was intoxicated. Intensive cross-examination and ingenious rationalization for the incident failed to daunt the certainty of the witness or the good judgment of the trial judge.

There may be cases where there is a higher proof of alcoholic intoxication (although admittedly we are hard put to envision it), but we are satisfied that the enforcement officer was competent to express an opinion and that this evidence is sufficient to sustain the Commonwealth's burden. *See Turner v. Pennsylvania Liquor Control Board*, 161 Pa. Superior Ct. 16, 53 A. 2d 849 (1947). That the officer was neither on a name nor speaking basis with a fellow patron does not dilute the effectiveness of his testimony. This very point was raised and disposed of in *Turner v. Pennsylvania Liquor Control Board, supra.*

Consistent with the foregoing, we affirm the order of the Court of Common Pleas which modified to $200.00 the fine imposed by the Liquor Control Board.