Ray K. Becker and Dorothy W. Becker, t/d/b/a Carlisle Street Tavern, Appellants v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued March 8, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Victor Dell'Alba,* for appellant.

*Mark Stephen Syrnick,* Assistant Attorney General, and *Kenneth W. Makowski,* Acting Chief Counsel, for appellee.

OPINION BY JUDGE CRUMLISH, JR., August 7, 1979:
The retail liquor license of Ray K. and Dorothy W. Becker, t/d/b/a Carlisle Street Tavern, was suspended seven days by the Pennsylvania Liquor Control Board which found that they "their servants, agents or employees sold, furnished and/or gave liquor and/or malt or brewed beverages between the hours of two o'clock A.M. and seven o'clock A.M. on or about February. 11, 1977, and/or various other occasions within the past year" in violation of Section 406(a) of the Liquor Code.[1] At a de novo hearing in the Court of Common Pleas of York County, the Beckers testified and the Commonwealth offered a certified copy of the transcript of the Board's hearing and cross-examined the Beckers.

We are asked to determine whether the suspension of the Becker's liquor license violated their right to due process of law.

Beckers' contention and basis of their appeal is that instead of being notified of the alleged violation

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-406(a).

immediately, forty days elapsed, making it impossible to prepare an adequate defense.

Our well established scope of review of a trial court considering the merits of a Liquor Board Order is limited to determining whether sufficient evidence supports the Board's order, and whether the court on appeal committed an error of law or abused its discretion. *In the Matter of: Quaker City Development Co.*, 25 Pa. Commonwealth Ct. 190, 359 A.2d 835 (1976).

The Board's action followed procedure set forth in Section 471 of The Liquor Code found at 47 P.S. §4-471:

> Upon learning of any violation of this act . . . the board may, within one year from the date of such violation . . . cite such licensee to appear before it or its examiner . . . to show cause why such licensee would not be suspended. . . . No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days.

A synopsis of the relevant dates of the investigation reveals that the Board complied with that mandate in its investigation:

| | |
|---|---|
| January 18, 1977 | Investigation began |
| February 11, 1977 | Violation observed |
| March 20, 1977 | Investigation completed |
| March 22, 1977 | Notice of violation sent |
| April 26, 1977 | Citation issued |

The Board enforcement officer cited his reasons for the delay in issuing the citation following the February 11 incident: (1) continuing investigation of

alleged repeated violations relating to this violation and (2) the premises were closed for 15 days during the investigation in compliance with a separate Board suspension order against the Becker place. In *Smart, Inc. v. Pennsylvania Liquor Control Board,* 16 Pa. Commonwealth Ct. 37, 39, 328 A.2d 923, 924 (1974), this Court, in considering the notice procedures required of the Board, held: " '[T]he Act does not require that the investigation be deemed completed on the very same day as the last of the alleged violations, but rather seems to envision investigations of a continuing nature. The Statute requires only that the investigation be completed within 90 days, notice be given to the licensee within ten days of the completion of the investigation and that a citation issue within one year of the date of the alleged violation.' " This we are constrained to say is immutable salutary law. The statutory time limitations provided in Section 471 gives a licensee due and timely notice of potential discipline, and gives him an adequate opportunity to prepare a defense including the certainty of the availability of witnesses. *Silva Liquor License Case,* 219 Pa. Superior Ct. 31, 275 A.2d 871 (1971). Furthermore, the recorded events indicate a full presentation of the evidence occurred below as well as opportunity to present an adequate defense.

We hold that the statutory notice provisions of Section 471 of the Liquor Code comport with constitutional due process requirements and that the trial court properly dismissed the appeal.

Accordingly, we

ORDER

AND Now, this 7th day of August, 1979, the order of the Court of Common Pleas of York County, dated January 10, 1978, dismissing the appeal of Ray K. and Dorothy W. Becker, trading and doing business as Carlisle Street Tavern, from the Pennsylvania

Liquor Control Board's Order of August 19, 1977, suspending restaurant liquor license No. R-18416 is hereby affirmed. The Order of Supersedeas granted February 3, 1978, by the trial court is hereby vacated and the license suspension order is reinstated.