Markoff's Tavern, Inc., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs, May 7, 1981, to President Judge Crumlish and Judges Rogers and Blatt, sitting as a panel of three.

392

*Robert H. Lang, Salamon & Lang,* for appellant.

*J. Leonard Langan,* Counsel, and *James J. Fitzgerald, III,* Chief Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, July 7, 1981:

The liquor license of Markoff's Tavern was revoked by the Pennsylvania Liquor Control Board for selling alcoholic beverages after two o'clock a.m. On appeal to the Allegheny County Common Pleas Court, the decision was affirmed. We now reverse and remand.

Clearly, Markoff's was serving drinks after hours for it had a special pricing policy after two o'clock a.m.[1] We find a procedural error below and must remand.

The trial Court erroneously ruled as irrelevant a line of questioning which was directed at ascertaining the inception date of the Liquor Control Board's investigation. Admittedly, counsel's questions were confusing in that they sought not only the inception date but also the identity of the Board member who authorized the investigation.

We have no quarrel with the trial court ruling that the identity of the Board member was irrelevant. However, for purposes of Section 471 of the Liquor

---

[1] This is not the first time Markoff's has been before this Court. In *Markoff's Tavern v. Commonwealth of Pennsylvania,* 56 Pa. Commonwealth Ct. 594, 426 A.2d 172 (1981), we upheld a Board revocation of Markoff's license for after hours sales.

Code,[2] the Court erred in not permitting Markoff's to establish at what point in time the investigation began.

Section 471 provides:

No penalty provided by this section shall be imposed by the Board or any Court for any violations provided for in this act unless the enforcement officer or the Board notifies the Licensee of its nature and of the date of the alleged violation within ten (10) days of the completion *of the investigation which in no event shall exceed ninety (90) days.* (Emphasis added.)

We have held that the purpose of a 90-day limitation on Board investigations is to preclude continuing investigations. *See Becker v. Pennsylvania Liquor Control Board,* 44 Pa. Commonwealth Ct. 616, 406 A.2d 1153 (1979). Because of the trial court's error, Markoff's was unable to determine whether the Board investigation went beyond the statutorily-imposed time. Reversed and remanded.

ORDER

The Allegheny County Common Pleas Court order, dated September 26, 1980, is reversed and remanded to the trial court for proceedings not inconsistent with the decision rendered this date.

_____

[2] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471.