In the Matter of Revocation of Club Liquor License No. C-1998, Issued to Club 200, Inc. Club 200, Inc., Appellant.

Submitted on briefs December 10, 1985, to Judges ROGERS and MacPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Barry Goldstein, Pincus, Verlin, Hahn, Reich & Goldstein, P.C.*, for appellant.

*Felix Thau*, Deputy Chief Counsel, for appellee, Pennsylvania Liquor Control Board.

OPINION BY JUDGE ROGERS, January 24, 1986:

This is the appeal of Club 200, Inc. (club) from an order of the Court of Common Pleas of Philadelphia County affirming an order of the Pennsylvania Liquor Control Board (board) revoking the club's liquor license.

The club, located at 2741 North Fifth Street, Philadelphia, filed an application with the board for a club liquor license in 1975 and was issued Liquor License No. C-1998. The club renewed its license in each of the following seven years.

In 1982, the board issued a citation to the club, charging the following:

1. You, by your servants, agents or employes sold liquor and/or malt or brewed beverages on the licensed premises to persons who were not members of your licensed organization, on or about March 14, 1982, and diverse other occasions within the past year.

2. The charter of your organization is not in possession of the original incorporators or their direct or legitimate successors, on or about March 14, 1977 to March 22, 1982.

3. You, by your servants, agents or employes failed to maintain records on the licensed premises, on or about March 7, 22, 1982, and on diverse other occasions within the past year.

After a hearing, the board revoked the club's liquor license finding that all three charges had been proved. The common pleas court, after a de novo hearing, affirmed the board's order.

On appeal, the club contests only the action of the court upholding the board's conclusion in paragraph 2 of the citation that the charter was not in possession of the original incorporators or their direct or legitimate successors. The club maintains that since the board knew or should have known since 1975 that the charter was not possessed by a legitimate successor, the citation issued in 1982 was fatally defective because it was issued more than one year after the violation occurred in 1975.

The club cites Section 471 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471, which provides in pertinent part:

> *Upon learning* of any violation of this act or any laws of this Commonwealth relating to liquor, . . . regulations of the board adopted pursuant to such laws . . . by any licensee within the scope of this article, . . . or upon any other sufficient cause shown, the board may, *within one year* from the date of such violation or cause appearing, cite such licensee to appear before it or its examiner, not less than ten or more than sixty days from the date of sending such licensee, by registered mail, a notice addressed to him at his licensed premises, to show cause why such license should not be . . . revoked. . . . (Emphasis supplied.)

Section 471 of the Code clearly provides that the one-year period in which the board has to issue a citation only begins to run when the board learns of the violation. No evidence was adduced by the club that the board had notice of the status of the charter prior to March 22, 1982. Nowhere in the original application or the renewal applications filed by the club from 1975 through 1982 was there any information required to be divulged which would have apprised the board of the illegitimate possession of the charter.

Order affirmed.

ORDER

AND Now, this 24th day of January, 1986, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.