539 A.2d 930

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Union Beverage, Inc., Appellee.

Argued February 25, 1988, before Judges CRAIG, MCGINLEY and SMITH, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, for appellant.

*John R. Sobota,* with him, *William A. DeGillio,* for appellee.

Opinion by Judge Craig, April 4, 1988:

The Pennsylvania Liquor Control Board (LCB) appeals an order of the Court of Common Pleas of Luzerne County which sustained, as to two of three citations, an appeal by Union Beverage, Inc. (Union). Union had appealed three LCB citations to the trial court: No. 1609, in which the LCB fined Union $750 for selling to a minor on March 1, 1985; No. 2405, in which the LCB suspended Union's license for five days for selling to a minor on May 31, 1985; and No. 1002, in which the LCB suspended Union's license for three days for selling to a minor on June 6, 1983, and for failing to include required information on sales invoices during the period from March 1, 1984 through January 14, 1985. The trial court's order set aside citations No. 1609 and No. 1002.

The sole issue on appeal is whether the LCB issued these two citations within the one-year time period set

forth in section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471.

Our scope of review is limited to determining whether the board's orders are supported by substantial evidence or whether the trial court committed an error of law. *Pennsylvania Liquor Control Board v. Eclectic Enterprises, Inc.,* 76 Pa. Commonwealth Ct. 626, 464 A.2d 683 (1983).

Section 4-471 provides in pertinent part:

*Upon hearing of any violation* of this act . . . the board may, within one year from the date of such violation or cause appearing, cite such licensee to appear before it . . . to show cause why such licensee should not be suspended or revoked or a fine imposed. (Emphasis added.)

The trial judge found that, in No. 1609, the violation took place on March 1, 1985, but that the LCB did not issue the citation until March 26, 1986. Similarly, in No. 1002, the judge found that the violations occurred on June 6, 1983 and from March 1, 1984 until January 14, 1985, but that the LCB did not issue the citation until April 25, 1986. Because those findings indicated that the LCB had issued its citations in these cases more than one year after the date of the respective violations, the trial judge held that the LCB had not complied with section 4-471 and set aside the citations.

However, our review of the record indicates that the trial judge miscalculated the time periods in both cases. Chronologically, the record establishes the course of events to be as follows:

|          | Violation | Citation | Hearing | LCB Order |
|----------|-----------|----------|---------|-----------|
| No. 1609 | 3/1/85    | 5/29/85  | 7/19/85 | 4/25/86   |
| No. 1002 | (1) 6/6/83 | 4/03/85 | 7/19/85 | 4/25/86   |
|          | (2) 3/1/84- |        |         |           |
|          | 1/14/85   |          |         |           |

First, the trial court erroneously treated the date that the board issued its *post-hearing order* as if that

had been the date of the *citation*.[1] Second, the trial court relied on the date of the violation, rather than the date that the LCB became aware of the violation, to begin marking off the one-year period. In *Appeal of Club 200, Inc.*, 94 Pa. Commonwealth Ct. 326, 328, 503 A.2d 506, 507 (1986), this court held that:

> Section 471 of the Code clearly provides that the one-year period in which the board has to issue a citation only begins to run when the board learns of the violation.

Undisputed testimony at the hearing established that the LCB became aware of the violation in No. 1609 on March 1, 1985, when agents confronted a minor after he had purchased beer from Union. The LCB sent the citation to Union under date of May 29, 1985. LCB held its hearing on the citation in July, 1985. Clearly, the determinative events occurred within the one-year time period allowed by the statute.

In No. 1002, testimony from the LCB agents established that they discovered the two cited violations during an investigation begun December 20, 1984, and concluded February 11, 1985. Even if the agents learned of the violations on the first day of their investigation, the April 3, 1985 citation was clearly within the time period allowed under section 4-471.

Although Union argues that the date typed on the citation does not prove that it received the citation within the one-year period, the fact that the hearings in both cases, which necessarily followed the citations, were held within twelve months of the LCB's discovery of the violations establishes compliance with section 4-471.

---

[1] LCB issued its initial order and opinion in No. 1609 on March 26, 1986, and an amended order—opinion on April 25, 1986.

Accordingly, the decision of the trial court is reversed, and citations Nos. 1609 and 1002 are reinstated.

ORDER

Now, April 4, 1988, the order of the Court of Common Pleas of Luzerne County, No. 966, dated October 10, 1986, is reversed.