545 A.2d 440

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Beer & Pop Warehouse, Inc., Appellee.

Submitted on briefs May 18, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, with him, *Kenneth B. Skelly,* Chief Counsel, for appellant.

*David R. Brown, Litman, Litman, Harris, Brown and Watzman, P.C.,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 16, 1988:

The Pennsylvania Liquor Control Board (Board) fined Beer & Pop Warehouse, Inc. (licensee) $500 for selling alcohol to a minor. The Allegheny County Common Pleas Court sustained the licensee's appeal. The Board appeals; we reverse.

The issue before this Court is whether the Board complied with a certain statutory time limitation found in Section 471 of the Liquor Code,[1] which establishes

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471.

calendar time constraints on the investigation, citation and disposition of alleged Liquor Code violations. This Court has recently examined other schedule restrictions in Section 471 in *Pennsylvania Liquor Control Board v. S & B Restaurants, Inc.*, 112 Pa. Commonwealth Ct. 382, 535 A.2d 709 (1988); *Pennsylvania Liquor Control Board v. Civic Arena Corp.*, 117 Pa. Commonwealth Ct. 75, 543 A.2d 207 (1988), and *Pennsylvania Liquor Control Board v. Dentici,* 117 Pa. Commonwealth Ct. 70, 542 A.2d 229 (1988). In order to consolidate the precedent and inform the Board and its licensees of a timely proper enforcement proceeding, we review the current proceeding together with our prior decisions.

A Board investigation cannot exceed ninety days. *4-6 Club v. Pennsylvania Liquor Control Board,* 442 Pa. 154, 275 A.2d 40 (1971). Within ten days upon completion of the investigation, the Board must notify the licensee of the possible citation on the infraction. *Id.* The citation must issue within one year from the date of the violation, *Silva Liquor License Case,* 219 Pa. Superior Ct. 31, 275 A.2d 871 (1971), and set a hearing before an examiner not less than ten nor more than sixty days from the issuance date. In *Civic Arena,* we recently held that the hearing time requirement was "directory," *i.e.,* it could be extended by Board continuance unless the licensee's due process rights were violated.

After hearing, and upon conclusion that violations occurred, the Board must immediately suspend or revoke the license or impose a fine. In *S & B Restaurants,* the immediacy requirement was interpreted as directory to permit proper consideration by a quorum of Board members to vote on finding and penalty at regular meeting.

A licensee must then pay a fine within twenty days of the Board order date, or the Board will suspend or revoke the license. Suspensions or revocations cannot

be effective until twenty days elapse from that order date, during which period licensee may appeal to the common pleas court. Such notice of appeal acts as an automatic stay of the Board order unless the reviewing court finds sufficient cause otherwise.

The issue in this matter is whether the ninety-day limitation on investigation[2] should include the first day of the examination.

The Board and licensee are in agreement that the investigation began October 7, 1986, and ended January 5, 1987. This totaled ninety-one calendar days.

The Board argues that the first day should be disregarded, due to Section 1908 of the Statutory Construction Act, 1 Pa. C. S. §1908, which states:

> When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

The licensee counters that Section 471 requires the date the investigation is opened to be included in the

---

[2] Section 471 provides:

No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days.

time period because to discard it would permit the Board to *exceed* the mandated ninety-day restriction.

We hold that Section 1908 requires *exclusion* of the first day of investigation. This result is dictated by that provision's express language. Licensee's citation of *Pennsylvania Liquor Control Board v. Fort Washington Inn Operating Co.*, 72 Pa. Commonwealth Ct. 542, 457 A.2d 172 (1983), is inappropriate because this Court did not review the question presented herein. Additionally, the investigation in *Fort Washington* went several days beyond the time restriction.

Finally, although Section 1908 of the Statutory Construction Act has not been followed when the term "at least" has been found in an act of assembly, *Courtney v. State Civil Service Commission*, 37 Pa. Commonwealth Ct. 366, 391 A.2d 6 (1978), we conclude that the term "in no event shall exceed" is subject to the provisions' dictate of excluding the first day.

The order of the common pleas court is reversed. The fine imposed by the Board is reinstated.

## ORDER

The order of the Allegheny County Common Pleas Court at No. S.A. 2151 of 1987 dated December 29, 1987, is reversed. The fine imposed by the Pennsylvania Liquor Control Board is reinstated.

Judge COLINS dissents.