585 A.2d 590

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

**v.**

**James J. and Evdokia MALLIOS t/a Paradise Hotel, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 24, 1990.

Decided Jan. 10, 1991.

Michael S. Sherman, Asst. Counsel, with him, Joseph S. Rengert, Chief Counsel, Harrisburg, for appellant.

William C. Kollas, Kollas, Costopoulos, Foster & Fields, Lemoyne, for appellees.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

This is an appeal by the Bureau of Liquor Control Enforcement, Pennsylvania State Police (Bureau) from an order of the Court of Common Pleas of Cumberland County (trial court), which reversed the decision of the Pennsylvania Liquor Control Board (PLCB).

On May 16, 1988, the Bureau issued a citation to James J. and Evdokia Mallios (Licensee), holders of a hotel liquor license for the Paradise Hotel. The citation alleged that during January and February of 1987, Licensee had, by its agents and employees, aided, abetted or engaged in the traffic or sale of drugs and/or permitted the use of the premises for the use or sale of drugs. The citation further alleged, at Count 2, that in March of 1987, Licensee permitted gambling on the licensed premises.[1]

After hearing before a panel of three administrative law judges (ALJs) of the PLCB, the citation was dismissed as untimely filed. The Bureau appealed to the PLCB which

1. Bureau Citation No. 87–2915, Reproduced Record at 3a–4a.

reversed the ALJs' decision, holding that the citation was timely filed. The PLCB ordered a remand for a decision on the merits. Subsequently, Licensee's liquor license was suspended for a period of 183 days and, by order of the ALJs, Licensee was directed to replace its manager. Licensee again appealed to the PLCB which affirmed the ALJs' decision. Licensee then appealed to the trial court.

The trial court reversed the PLCB and dismissed the citation as untimely filed. The trial court held that a citation is not timely unless filed within one year of the violation. The Bureau now appeals to this Court.[2]

This controversy involves the interpretation of Section 471(a) of the Liquor Code [3] (Code), 47 P.S. § 4-471(a), which provides in pertinent part:

> Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages ... or upon any other sufficient cause shown, the enforcement bureau may, within one year from the date of such violation or cause such appearing, cite such licensee to appear before an administrative law judge....

47 P.S. § 4-471(a).

In reaching the conclusion that the citation in this case was untimely filed, the trial court relied on *4-6 Club Liquor License Case*, 442 Pa. 154, 275 A.2d 40 (1971), wherein our Supreme Court reviewed the provisions of Section 471 of the Code. In *4-6 Club*, the Supreme Court stated that "[T]he language of the act indicates that the investigation must be completed within ninety days and notice given to the licensee within ten days of the completion of the investigation. In addition, a citation must issue within one year of the date of the violation." *Id.*, 442 Pa. at 156-157, 275 A.2d

---

2. Our scope of review is limited to a determination of whether or not the order of the Liquor Control Board was supported by sufficient evidence and whether or not the trial court abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board v. Luxury Enterprises, Inc.*, 130 Pa.Commonwealth Ct. 89, 566 A.2d 1288 (1989).

3. Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1-101-9-902.

at 42. The trial court determined that the Supreme Court specifically held that a citation must issue within one year of the violation. The trial court buttressed its position that the Supreme Court's holding in *4–6 Club* is precedent concerning the one-year provision by citing *Commonwealth ex rel. Fox v. Swing*, 409 Pa. 241, 186 A.2d 24 (1962), and stating that "the Supreme Court has stated that if its reasoning in a decision is 'an intricate embodiment of the court's determination,' then 'This is not 'dicta!' ' [sic], even if the appeal is resolved, 'on other grounds [sic]." Trial court opinion at 6.

The Bureau contends that Section 471 of the Code requires that a citation must issue within one year of the date that the Bureau *learns* of the violation and that the Supreme Court's reference in *4–6 Club* to the one-year provision of Section 471 of the Code constitutes *obiter dictum*.[4] *4–6 Club* involved the ninety-day investigatory proviso of Section 471 of the Code and not whether a citation must be issued within one year of the violation. The Bureau argues that the Supreme Court's comment on the citation provision is *obiter dictum*. *Obiter dictum* is defined as "[w]ords of an opinion entirely unnecessary for the decision of the case." Black's Law Dictionary 967 (5th ed. 1979) (citation omitted). Because the one-year provision of Section 471 was not at issue in *4–6 Club,* any reference to that provision was unnecessary and is *dicta*.

As to the trial court's interpretation of *Swing,* the Supreme Court in *Swing* actually stated:

> On appeal, this court *adjudicated that issue* even though it quashed the appeal on other grounds. It was plainly an intricate embodiment of the court's determination. This is not "dicta"! Where a decision rests on two or more grounds equally valid, none may be relegated to the inferior status of obiter dictum: *Manley v. Manley,* 193 Pa.Superior Ct. 252, 164 A.2d 113 (1960).

4. Licensee also argues that the PLCB had no authority to reverse the ALJs on a question of law. Our review of the record reveals that Licensee is raising this issue for the first time on appeal. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a).

*Swing,* 409 Pa. 241, 245, 186 A.2d 24, 26 (emphasis added). In *Swing* there were two issues preserved throughout the appellate process and either one could have provided a basis for the court's decision. This is unlike the situation in *4–6 Club* where the one-year provision of Section 471 was never at issue and was not a basis for the Supreme Court's decision.[5]

This Court interpreted the one-year provision of Section 471 in *Club 200, Inc. Appeal,* 94 Pa.Commonwealth Ct. 326, 328, 503 A.2d 506, 507 (1986), stating that, "Section 471 of the Code clearly provides that the one-year period in which the board has to issue a citation only begins to run when the board learns of the violation." This Court has continued to apply this interpretation. *Pennsylvania Liquor Control Board v. Union Beverage, Inc.,* 115 Pa.Commonwealth Ct. 170, 539 A.2d 930 (1988). In *Union Beverage,* the trial court calculated the time period for issuing a citation from the date of the violation rather than the date the PLCB[6] learned of the violation. In reversing the trial court we reiterated our holding in *Club 200* that, according to the one-year provision of Section 471 of the Code, the Bureau must issue a citation within one year from the date that the Bureau learns of the violation.[7] *Id.* 115 Pa.Commonwealth Ct. at 173, 539 A.2d at 932.

The analysis of the ninety-day investigatory proviso that the Supreme Court undertook in *4–6 Club* is essentially the same as our analysis of the one-year provision in *Club 200*

5.  The one-year provision of Section 471 of the Code was not at issue in *4–6 Club.* The citation in that case was in fact issued within one year of the violation. The date of the first violation was September 17, 1966 and the citation was issued August 2, 1967.

6.  In 1987, enforcement powers were transferred from the PLCB to the Bureau. *See* Section 211 of the Code, 47 P.S. § 2–211.

7.  In *Club 200* and *Union Beverage* we interpreted Section 471 of the Code prior to its 1987 amendment. The former Section 471 set forth that upon learning of any violation the PLCB could cite "within one year from the date of such violation or cause appearing", and provided that no penalty could be imposed unless the licensee was notified of the nature and date of the alleged violation "within ten days of the completion of the investigation which in no event shall exceed ninety days." The relevant terminology of the former section is retained and not materially altered by the amendment.

and *Union Beverage.* In *4-6 Club* the Supreme Court reasoned:

> We do not agree with the Superior Court dissenters that the ninety plus ten, or one hundred day, time period runs from the date of the violation, rather it runs from the commencement of the investigation. Surely, in this case, the dissenters' interpretations must be in error, for the Board had no information as to the last violation until some six weeks after its occurrence and the licensee was notified within sixty-two days thereafter.

*4-6 Club,* 442 Pa. at 157, 275 A.2d at 42. It is clear that the Supreme Court's holding hinged on the date that the PLCB had *notice* of the violation.

Licensee's argument that this Court has followed the decision in *4-6 Club* in *Smart, Inc. v. Pennsylvania Liquor Control Board,* 16 Pa.Commonwealth Ct. 37, 328 A.2d 923 (1974), and *Becker v. Pennsylvania Liquor Control Board,* 44 Pa.Commonwealth Ct. 616, 406 A.2d 1153 (1979), and that the Superior Court followed it in *Silva Liquor License Case,* 219 Pa.Superior Ct. 31, 275 A.2d 871 (1971) is unfounded. All of these cases dealt with the ninety-day investigatory proviso of Section 471. *Club 200* and *Union Beverage* are the only cases which have specifically addressed whether, under Section 471 of the Code, a citation must be issued within one year of the violation.

Licensee contends that this Court overruled the decisions in *Club 200* and *Union Beverage* with our decision in *Pennsylvania Liquor Control Board v. Beer & Pop Warehouse, Inc.,* 118 Pa.Commonwealth Ct. 559, 545 A.2d 440 (1988). We stated the issue in *Beer & Pop Warehouse* as "whether the ninety-day limitation on investigation should include the first day of the examination." *Id.,* 118 Pa.Commonwealth Ct. at 562, 545 A.2d 441-442. *Beer & Pop Warehouse* did not involve an interpretation of the one-year provision of Section 471 of the Code and does not overrule our decisions in *Club 200* and *Union Beverage.*

Accordingly, we reverse the trial court.

## ORDER

AND NOW, this 10th day of January, 1991, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby reversed and this case is remanded for a decision on the merits.

Jurisdiction relinquished.