633 A.2d 1163

James J. and Evdokia MALLIOS, t/a Paradise Hotel, Appellant,

v.

PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellee.

Supreme Court of Pennsylvania.

Argued May 4, 1993.

Decided Nov. 16, 1993.

William C. Kollas, Camp Hill, for appellant.

Michael S. Sherman, Philadelphia, for Pennsylvania State Police.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

In these appeals we are asked to interpret the one-year provision for the issuance of citations under section 471 of the Liquor Code, 47 P.S. § 4–471(a). We conclude that section 471 provides that the Bureau of Liquor Control Enforcement is to issue a citation within one year from the date the alleged violation occurred and, accordingly, reverse the decisions of the Commonwealth Court, 137 Pa.Cmwlth. 182, 585 A.2d 590.

### No. 83 M.D. Appeal Docket 1992

Appellant held a hotel liquor license for the Paradise Hotel. On May 16, 1988, the Bureau of Liquor Control Enforcement of the Pennsylvania State Police (the "Bureau") issued to Appellant a citation alleging that, on certain dates in January and February 1987, Appellant, its

agents or employees, aided, abetted or engaged in the traffic in, or sale of, a controlled substance on [the] licensed premises or permitted the use of [the] licensed premises in the furtherance of the traffic in, or use of, a controlled

substance, in violation of Section 471 of the Liquor Code, 47 P.S. § 4-471.

(R. 4a.) The citation also alleged that in March of 1987 Appellant, its "agents or employes, possessed or operated gambling devices or paraphernalia or permitted gambling or lotteries on [the] licensed premises, in violation of Section 471 of the Liquor Code, 47 P.S. § 4-471 and Sections 5512 and 5513 of the Crimes Code, 18 Pa.C.S. §§ 5512 and 5513." (*Id.*)

Following a hearing, a panel of three administrative law judges ("ALJs") of the Pennsylvania Liquor Control Board ("PLCB") dismissed the citation as having been untimely filed. The Bureau appealed to the PLCB, which reversed the ALJs' decision and remanded for a decision on the merits. On remand, the ALJs found that Appellant had committed the violations alleged, suspended Appellant's license for 183 days, and directed Appellant to replace its manager. The PLCB affirmed the ALJs' decision, and Appellant appealed to the Court of Common Pleas of Cumberland County. The common pleas court reversed the PLCB and dismissed the citation as untimely. The Bureau appealed to the Commonwealth Court, which found that the citation was timely filed, reversed the decision of the common pleas court, and remanded for a decision on the merits.

## No. 84 M.D. Appeal Docket 1992

On June 5, 1989, the Bureau issued to Appellant another citation alleging that on April 7, 9, 10, 16, July 15, 30, September 9, 17, October 8 and 15, 1988, Appellant, its

agents or employes, aided, abetted or engaged in the traffic in, or sale of, a controlled substance on [the] licensed premises and/or permitted the use of [the] licensed premises in the furtherance of the traffic in, or use of, a controlled substance, in violation of Section 471 of the Liquor Code, 47 P.S. § 4-471 and Section 780-113(a)(30) of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(a)(30).

(R. 48a–49a.) The citation also alleged that, on February 17, 1989, Appellant, its agents or employees sold alcoholic beverages to a minor, in violation of section 493(1) of the Liquor Code, 47 P.S. § 4–493(1).[1]

Following a hearing, a panel of three ALJs revoked Appellant's license based upon their finding that Appellant had permitted the licensed premises to be used in furtherance of the traffic in or use of controlled substances in April, July, September and October of 1988. The ALJs also imposed a $1,300 fine and a three-day suspension for selling alcoholic beverages to a minor, but set aside the suspension in light of the revocation.

On appeal, the PLCB affirmed the ALJs' decision. Appellant then appealed to the Court of Common Pleas of Cumberland County. That court reversed the revocation of Appellant's license, finding untimely those portions of the citation alleging violations on April 7, 9, 10, and 16 of 1988.[2] On appeal, the Commonwealth Court reversed the finding of the common pleas court that portions of the citation were untimely filed, relying in part on its decision in the case at No. 83 M.D. Appeal Docket 1992, and reinstated the revocation of Appellant's license.[3]

This Court granted allocatur in both appeals, limited to the issue of the interpretation of the one-year provision of

1. The citation also alleged that, on May 9, 1988, Appellant, its agents or employees used a loudspeaker on the inside of the licensed premises. This count was later withdrawn.

2. The court sustained the finding that Appellant sold alcoholic beverages to a minor and that Appellant knew or should have known of illegal drug activity on July 30, 1988. However, the court found no evidence that Appellant knew of illegal drug transactions on July 15, 1988 or in September or October 1988. Holding that the violation of July 30, 1988 was an insufficient basis for revocation, the court remanded to the PLCB for imposition of a penalty based only upon the July 30, 1988 violation and for reimposition of a penalty for selling alcoholic beverages to a minor.

3. The Commonwealth Court also found, *inter alia*, that the Bureau had presented sufficient evidence of illegal drug activity on the licensed premises on the dates alleged in the citation. This issue is not within the scope of our limited grant of allocatur.

section 471(a) of the Liquor Code.[4]  Section 471(a) provides, in part:

### § 4–471.  Revocation and suspension of licenses; fines

(a) Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, or any violation of any laws of this Commonwealth or of the Federal Government relating to the payment of taxes on liquor, alcohol or malt or brewed beverages by any licensee within the scope of this article, his officers, servants, agents or employes, or upon any other sufficient cause shown, the enforcement bureau may, within one year from the date of such violation or cause appearing, cite such licensee to appear before an administrative law judge, . . .

47 P.S. § 4–471.  The Commonwealth Court in the cases *sub judice* found the citations to be timely by relying upon its prior decisions holding that the quoted language "clearly provides that the one-year period in which the [bureau] has to issue a citation only begins to run when the [bureau] *learns of* the violation." *Appeal of Club 200, Inc.*, 94 Pa.Commw. 326, 503 A.2d 506, 507 (1986) (emphasis added). *Accord, Pennsylvania Liquor Control Board v. Union Beverage, Inc.*, 115 Pa.Commw. 170, 539 A.2d 930 (1988).

Appellant, on the other hand, contends that section 471 must be read to provide that the one-year period begins to run when the violation *occurs*.  In support of that interpretation, Appellant cites several cases that have discussed the timeframe provided by section 471, principally this Court's opinion in *4–6 Club v. Pennsylvania Liquor Control Board*, 442 Pa. 154, 275 A.2d 40 (1971).  In *4–6 Club*, the Court outlined the timeframe set forth in section 471, stating:

---

**4.**  Our scope of review is limited to a determination of whether the order of the Board is supported by substantial evidence, violates the constitutional rights of Appellant, or is contrary to the law.  *See J.S. v. Commonwealth, Dept. Public Welfare*, 528 Pa. 243, 246, 596 A.2d 1114, 1115 (1991); 2 Pa.C.S. § 704.

As we read the Act, the Board is ... required to limit its investigation of a violation to ninety days and give notice within ten days after completion of the investigation, provided, however, that the process is completed and a citation issued within one year of the violation.

*Id.* at 157, 275 A.2d at 42. *See also Pennsylvania Liquor Control Board v. Silva,* 219 Pa.Super. 31, 275 A.2d 871 (1971); *Smart, Inc. v. Pennsylvania Liquor Control Board,* 16 Pa. Commw. 37, 328 A.2d 923 (1974); *Becker v. Pennsylvania Liquor Control Board,* 44 Pa.Commw. 616, 406 A.2d 1153 (1979); *Pennsylvania Liquor Control Board v. Beer & Pop Warehouse, Inc.,* 118 Pa.Commw. 559, 545 A.2d 440 (1988), *allocatur denied,* 521 Pa. 631, 558 A.2d 532 (1989).

The Commonwealth Court stated that it was not bound by the portion of this Court's statement in *4-6 Club* interpreting the one-year provision, as it deemed that part to be *obiter dictum.* We agree that this language was *dicta.* Although the Court framed the "principal question involved" in *4-6 Club* as "the proper interpretation of § 471 of the Liquor Control Code," 442 Pa. at 156, 275 A.2d at 41, the facts of that case show that the specific issue before the Court was whether the ninety-day investigation provision of former section 471 [5] had been met.[6] Thus, we are not bound by the statement in *4-6 Club* and must interpret the one-year provision as a matter of first impression.[7]

■ We find that the less strained and, therefore, more persuasive of the two suggested interpretations of section

5. Section 471 was reenacted and amended in 1987, and the ninety-day provision was not retained. The one-year provision at issue in these appeals, however, was substantially retained from the previous version.

6. The one-year citation period was not the issue before the Court in *4-6 Club,* for in that case the first alleged violation occurred on September 17, 1966 and the citation issued less than a year later, on August 2, 1967. *See* 442 Pa. at 156, 275 A.2d at 41. Nor was the one-year provision at issue in any of the other section 471 cases cited by Appellant.

7. Although we are not bound by the *dicta* in *4-6 Club,* the reading this Court gave to the one-year provision in that decision merits consideration as being indicative of the plain meaning of the language.

622

471(a) is the one under which the one-year period begins to run when the violation *occurs.*

The Commonwealth Court arrived at its interpretation, that the period begins to run "when the bureau learns of the violation," by emphasizing the statutory phrase "upon learning." *Club 200, supra,* 94 Pa.Commw. at 328, 503 A.2d at 507. The Bureau offers further support for this interpretation by giving emphasis to the phrase "cause appearing" in conjunction with "upon learning." While this approach has some superficial appeal, we must reject it. We find that the Commonwealth Court's interpretation stresses the phrase "upon learning" to the exclusion of the phrase "within one year of such violation," rendering the latter phrase meaningless. The Bureau's suggested interpretation is not persuasive, for it takes the highlighted phrases out of their grammatical context.

We read section 471(a), which is written in the disjunctive, to express two thoughts: First, a licensee may be cited for a violation of certain enumerated laws, such as the Liquor Code:

> Upon learning of any violation of this act or [other enumerated laws] by any licensee ..., the enforcement bureau may, within one year of such violation ..., cite such licensee ...

Second, a licensee may be cited for "other sufficient cause" [8]:

> ... or upon any other sufficient cause shown, the enforcement bureau may, within one year from the date of such ... cause appearing, cite such licensee ...

■ Hence, we interpret the quoted language to provide that the Bureau must issue a citation within one year of the date on which violation of a specified law occurs or within one year of the date "any other sufficient cause" appears. The phrase "upon learning" does not control, for it is limited by the more precise qualifying phrase "within one year of such

8. "Other sufficient cause" may include, as was alleged in some counts in the cases *sub judice,* violation of the Crimes Code. *See Pennsylvania Liquor Control Board v. TLK, Inc.,* 518 Pa. 500, 504, 544 A.2d 931, 933 (1988) (collecting cases).

violation." Further, given the plain words and grammatical construction of section 471(a), we find that a cause "appears" when it occurs or manifests itself, rather than, as suggested by the Appellee, when it "appears to the Bureau."

Accordingly, we reverse the decisions of the Commonwealth Court. At No. 83 M.D. Appeal Docket 1992, we reinstate the order of the Court of Common Pleas dismissing the citation. At No. 84 M.D. Appeal Docket 1992, we remand for further proceedings not inconsistent with this opinion.

LARSEN, J., did not participate in the decision of this case.

PAPADAKOS, J., files a concurring opinion.

PAPADAKOS, Justice, concurring.

I reluctantly join the majority even though it says that a licensee who violates the Liquor Code must be charged within one year of the violation even though undiscovered for more than one year. I would ask the Legislature to clarify Section 471(a) of the Code so that citations may issue within one year of discovery of the violation.