641 A.2d 30

A.E.V., INC., a Pennsylvania corporation; Busy Bee Beverage Co., Inc., a Pennsylvania corporation; Theodoratos Quality Imports, Inc., a Pennsylvania corporation, Case Beer and Soda Outlet, Inc., a Pennsylvania corporation; Case Beer Outlet, Inc., a Pennsylvania corporation; Beer and Pop Warehouse, Inc., Petitioners,

v.

COMMONWEALTH of Pennsylvania, LIQUOR CONTROL BOARD; Commonwealth of Pennsylvania, Department of State Police, Bureau of Liquor Control Enforcement; Office of Administrative Law Judge of the Pennsylvania Liquor Control Board; Glenn A. Walp, State Police Commissioner; James A. Goodman, Chairman Liquor Control Board; Gerald E. Ruth, Chief Judge, Office of Administrative Law Judge of the Pennsylvania Liquor Control Board; William A. Mericle, Director, Bureau of Liquor Control Enforcement, Respondents.

Commonwealth Court of Pennsylvania.

Argued Feb. 28, 1994.

Decided April 8, 1994.

Roslyn M. Litman, Martha Helmreich, for petitioners.

Stanley J. Wolowski and Francis X. O'Brien, for respondents.

Before SMITH and SCHULTZ NEWMAN, JJ., and KELTON, Senior Judge.

NEWMAN, Judge.

The instant case was commenced by the filing of a petition for review in our original jurisdiction by eight holders of either importing distributor's licenses or distributor's licenses (Licensees). Specifically, Licensees sought: 1) a writ of prohibition restraining the office of the administrative law judge (ALJ) from proceeding on citations issued by the Bureau of Liquor Control Enforcement (BLCE); and 2) declaratory and injunctive relief regarding the charges brought against Licensees by the BLCE and the impropriety of BLCE hearings on those charges. The gravamen of Licensees' petition was that the Bureau of Liquor Control Enforcement (BLCE) improperly issued citations against them in April, 1993, and the office of the administrative law judge did not have power to hold hearings on those citations.[1] Respondent Liquor Control

1. The citations charged the Licensees with the following pertinent violations:

1. From specific dates through the present, their licensed corporations were not the only ones pecuniarily interested in the operation of their licensed businesses in violation of Section 436(f) of the Liquor Code, 47 P.S. § 4-436(f);

Board (LCB) filed preliminary objections in the nature of a demurrer. Respondents BLCE, Colonel Glenn A. Walp and Major William Mericle (State Police) filed preliminary objections in the nature of a demurrer as well as preliminary objections in which they raised lack of subject matter jurisdiction and failure to join a necessary party. At oral argument on February 28, 1994, we granted the motion of the State Police to amend their preliminary objections to raise a demurrer based on the withdrawal of the above-referenced citations. We agree that Licensees have failed to state a cause of action upon which relief can be granted and therefore dismiss Licensees' petition for review.[2]

When Licensees filed their petition for review in August, 1993, the citations issued by the BLCE were pending against them. However, upon motion of the BLCE, the office of the ALJ withdrew the citations in February, 1994. BLCE sought withdrawal of the citations based on *Mallios v. Pennsylvania State Police, Bureau of Liquor Control Enforcement,* 534 Pa. 616, 633 A.2d 1163 (1993). In *Mallios* the supreme court held that the one-year provision for the issuance of citations under Section 471 of the Liquor Code requires that citations issue within one year from the date of the occurrence of the violation. Since the allegations in the citations issued to Licensees refer to alleged events which occurred more than

2. From specific dates through the present, Licensees had failed to provide the LCB with information regarding the involvement of David Trone in their licensed businesses in violation of Section 471 of the Liquor Code, 47 P.S. § 4–471;

3. Licensees provided false information on Form PLCB–866, Notice of Change of Officers, Directors, Stockholders or Manager in violation of Sections 436(j) and 471 of the Liquor Code, 47 P.S. §§ 4–436(j) and 4–471;

4. On June 30, July 2, August 10, September 28, October 1, November 21, 1990 and January 21, 1991, Licensees engaged in deceptive business practices in violation of Section 471 of the Liquor Code, 47 P.S. § 4–471 and Section 4107(a)(4) of the Crimes Code, 18 Pa.C.S. § 4107(a)(4).

2. Due to our disposition of this matter based on the amended preliminary objection, we will not address the other preliminary objections raised by the parties.

one year prior to the date of issuance, the citations were properly withdrawn.

■ The law is clear that a court, when ruling on preliminary objections in the nature of a demurrer, may sustain the preliminary objections and dismiss the complaint only in cases which are clear and free from doubt that the law will not permit recovery by the plaintiff. *Capital City Lodge No. 12 v. City of Harrisburg*, 138 Pa.Commonwealth Ct. 475, 588 A.2d 584 (1991). In *Rich v. Department of General Services*, 130 Pa.Commonwealth Ct. 71, 566 A.2d 1279 (1989) we stated:

Declaratory relief is not available unless an actual controversy exists, is imminent or inevitable. Declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur; it is an appropriate remedy only where a case presents antagonistic claims indicating imminent and inevitable litigation.

*Id.* at 73–74, 566 A.2d at 1280. Once the BLCE withdrew the citations against Licensees, there was no longer a matter in controversy to which declaratory or injunctive relief could be sought. Licensees maintain that such relief is appropriate because they fear that the BLCE will bring citations regarding similar charges in the future. However, we find no support in the record for Licensees' claim that such charges are imminent or inevitable.[3]

Accordingly, we sustain the preliminary objection in the nature of a demurrer filed by the Pennsylvania State Police, Bureau of Liquor Control Enforcement, Colonel Glenn A. Walp and William A. Mericle and dismiss the Licensee's petition for review with prejudice.

## ORDER

AND NOW, April 8, 1994, the preliminary objection in the nature of a demurrer filed by the Pennsylvania State Police, Bureau of Liquor Control Enforcement, Colonel Glenn A.

---

3. Because the citations have been withdrawn, Licensees' petition for a writ of prohibition restraining the ALJ from proceeding further on the citations is moot.

Walp and William A. Mericle is sustained and the petition for review in the above-captioned matter is dismissed with prejudice.